Allen F. LABAY and Genevieve M. Labay, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 71-1224.

United States Court of Appeals, Fifth Circuit.

Nov. 2, 1971.

Harry G. Dippel, Houston, Tex., John P. Burke, Atty., Dept. of Justice, Tax Div., Washington, D. C., for petitioners-appellants; Ben H. Schleider, Jr., Dillingham & Schleider, Houston, Tex., of counsel.

Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., Dept. of Justice, K. Martin Worthy, Chief Counsel, Bobby D. Burns, Atty., Internal Revenue Service; Elmer J. Kelsey, Virginia M. Hopkinson, Joseph H. Reiter, Attys., Dept. of Justice, Tax Div., Washington, D. C., for respondent-appellee.

Before TUTTLE, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

This case involves the question of whether the mother who has custody of children following a divorce or the noncustodial father who contributed more than $1200 per year towards the support of the two children is entitled to claim the children for the purpose of dependency exemptions.

The law was changed so as to affect tax years subsequent to 1966. Appellants concede that as the law stood prior to amendment they were unable to carry the burden of proof that the mother, having custody of the children, did not pay more for their support than the amount paid by them. They therefore concede the correctness of the Tax Court's decision with respect to the year 1966.

With respect to the year 1967, the statute provides that under the circumstances of the contributions made here by the father, he would be entitled to claim the exemption if "the parent having custody of such child does not *clearly establish* that he provided more for the support of such child during the calendar year than the parent not having custody." Section 152(e) (2) (B) (ii). The tax court was divided, the majority holding that the italicized words were not to be equated with the concept of proving by "clear and convincing evidence", a standard traditionally applied by the tax court to cases involving the 50% addition to tax for fraud. See M. Rea Gano 19 BTA 518, 532–533. Five judges dissented from the majority opinion, concluding that the clear and convincing evidence standard should be read into the statutes

here. We conclude that the majority opinion correctly construed the statute in that in effect it held that the words "clearly established", which would determine the rights of the custodial parent, not even a party to the litigation, require only that it be shown by a clear preponderance of the evidence that the custodial parent provided a greater amount for their support than the parent not having custody. We also agree that, under this standard, the proof was more than adequate to establish that the custodial parent, Mrs. Sherman, provided during the year 1967 more than the amount contributed by her former husband.

The tax court opinion is reported at 55 T.C. 6. Of course what the court there says with respect to the year 1966 is now not in issue but this court adopts the part of the opinion relating to the 1967 year as the basis of our decision affirming the decision of the Tax Court in favor of the Commissioner.

The decision appealed from is affirmed.