RUTH L. SAUBERT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Saubert v. Commissioner
Docket No. 2981-71.
United States Tax Court
T.C. Memo 1973-11; 1973 Tax Ct. Memo LEXIS 276; 32 T.C.M. (CCH) 36; T.C.M. (RIA) 73011; January 22, 1973, Filed Ruth L. Saubert, pro se. Gary R. DeFrang, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION
QUEALY, Judge: The respondent determined a deficiency in the petitioner's Federal income tax for the calendar year 1969 in the amount of $120.36. The sole question presented for our determination is whether the petitioner is entitled to a dependency exemption. 2 FINDINGS OF *277 FACT
Some of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. At the time the petition herein was filed, Ruth L. Saubert (hereinafter sometimes referred to as "petitioner") was an individual whose legal residence was in Mapleton, Oregon. Her U.S. income tax return for the calendar year 1969 was duly filed with the Western Service Center, Ogden, Utah. The petitioner was divorced from her former husband, John W. Saubert, on February 9, 1967. Custody of the children of the marriage, Nancy Saubert and Terry Saubert, was initially given to the petitioner. By the terms of the decree of divorce, the petitioner's former husband was required to pay $100 monthly for the support of each child. Terry Saubert, over whom this dispute arises, resided with the petitioner until the end of June, 1969. Thereafter, he resided with his father in the home of 3 his paternal grandparents. On November 14, 1969, John W Saubert was given legal custody of Terry. Prior to the end of June 1969, petitioner's former husband had paid a total of $600 for each child through the Court having jurisdiction over the cause. *278 Thereafter, John W. Saubert made several payments of $100 per month directly to Nancy, who had been declared emancipated, and paid incidental expenses for Terry in an undetermined amount. Accordingly, for the taxable year 1969, John W Saubert paid a total in excess of $1,200 for the support of his children. OPINION
Section 151 [1] provides a deduction of $600 for each dependent for the taxable year 1969. A "dependent" is defined by section 152. Special rules applicable to the determination of support in cases of children of divorced parents are prescribed in section 152(e). 4 The petitioner's claim to a dependency deduction, as a divorced parent having custody of the child, [2] is governed by section 152(e) (2) (B) which requires that where the "non-custodial" parent provides $1,200 or more for the support of one or more children, in order for the parent having custody to be entitled to the deduction he must clearly establish that he provided more for the child's support than did the "non-custodial" parent. *279 The petitioner here argues that she provided the greater measure of Terry's support in the year 1969. In support of her position, she relies upon her testimony and several somewhat conflicting schedules. No documentary evidence in support of her testimony or the schedules was produced at the trial. 5 We are constrained to find that the petitioner has not "clearly established" that she provided more for Terry's support than did her former husband. While we do not question her veracity, the testimony and documentation presented are based in large part upon uncorroborated estimates and the petitioner's recollection. Such proof does not fulfill the requirements of the statute.See Allen F. Labay, 55 T.C. 6 (1970), affd. 450 F 2d 280 (C.A. 5, 1971). Accordingly, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. We note that under section 1.152-4(b), Income Tax Regulations↩, with which we do not necessarily agree, "custody" is to be determined by reference to "the most recent decree of divorce * * * or subsequent custody decree, * * *." An argument could therefore be made that the petitioner was the "non-custodial" parent. However, such a distinction makes no difference to the outcome of this case and petitioner will be regarded as the "custodial" parent, consistent with the positions of the parties.