RICHARD A. GORDON and ROSALIND S. GORDON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gordon v. Commissioner
Docket No. 6112-73.
United States Tax Court
T.C. Memo 1974-168; 1974 Tax Ct. Memo LEXIS 149; 33 T.C.M. (CCH) 730; T.C.M. (RIA) 74168; June 25, 1974, Filed. Richard A. Gordon, pro se. Maurice W. Gerard, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency in petitioners' Federal *150 income tax for the year 1970 in the amount of $364.25. The only issue for decision is whether the petitioners are entitled to deductions for dependency exemptions under section 151, [1] Internal Revenue Code of 1954, for Rosalind S. Gordon's three minor children, by a prior marriage, who were in her custody during the year 1970. FINDINGS OF FACT Some of the facts were stipulated by the parties. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Richard A. Gordon and Rosalind S. Gordon are husband and wife who filed their joint Federal income tax return for the year 1970 with the Internal Revenue Service Center, Chamblee, Georgia. They were residents of Norcross, Georgia, at the time they filed their petition herein. Rosalind Gordon was married to Evan Broadman (hereinafter referred to as Broadman) on May 29, 1958. There were three children born of this marriage whose ages were 10, 8 and 7, respectively, during 1970. On February 9, 1968, Rosalind Gordon and Broadman were divorced by order of the Superior *151 Court of New Jersey, Chancery Division, Bergen County. As part of the Judgment Nisi in such action, the judgment incorporated the settlement agreement previously entered into between the parties. The agreement, entered into on June 22, 1967, provided that Broadman would pay Rosalind $75 per week for the support of the three children. The agreement further provided that: * * * as long as he [Broadman] complies with the support provisions of Paragraph #2 above, Evan Broadman shall have the privilege of claiming [the children] as deductions on his State and Federal Income Tax Returns. Petitioners herein were married on June 29, 1969. During 1969 petitioner Richard Gordon attended Boston University Law School. He graudated in June 1970. On January 27, 1969, an order was issued in the divorce action which, among other things, set forth Broadman's support obligations with respect to the three children. Broadman was to provide $125 per week of which $15 per week was alimony and $110 per week was child support. On July 10, 1970, Rosalind and Broadman entered into a modification of the separation and support agreement. Pursuant to the modification, commencing July 10, 1970, and *152 until October 1, 1970, Broadman was to pay Rosalind $90 per week for the support of the children. Beginning October 2, 1970, Broadman was to pay $95 per week for the support of the children. During the taxable year ended December 31, 1970, Broadman contributed at least $2,085 for the support of each child, or a total of at least $6,255 for the support of all three children. Petitioners have not clearly established that they provided more for the support of the children during 1970 than Broadman did. OPINION In this case the petitioners claim dependency exemptions for the three children of Rosalind and Broadman. They base their claim on two grounds, both of which lack merit. First, the petitioners assert that paragraph nine of the separation agreement was breached by Broadman; and, therefore, if Broadman is not entitled to the dependency exemptions for the children, then they are automatically entitled to them. Respondent, on the other hand, urges that even if there was a breach, the petitioners must still comply with section 152(e). The record will not support a conclusion that Broadman was not in compliance with the agreement at the end of 1970. On July 10, 1970, Rosalind *153 and Broadman signed a modification to separation agreement in which the parties agreed that "[all] arrearages to date under prior agreements or orders have been fully paid or compromised to each parties satisfaction." Although Broadman occasionally fell behind in his payments during the year 1970, he provided not less than $6,255 in support. Under the terms of various agreements Broadman was required to provide at least $5,190 [2] in support payments for the children. Consequently, we think Broadman, the parent not having custody of the children, has met the requirements of section 152(e) (2) (A) and is entitled to the dependency exemptions. Second, the petitioners rely on the exception contained in section 152(e) (2) (B) which provides that the parent having custody of the children (Rosalind) is entitled to the exemptions, where the parent not having custody (Broadman) provides $1,200 or more for their support, if it can be clearly established that she provided more for their support during the calendar year than the non-custodial parent. See Allen F. Labay, 55 T.C. 6 (1970), *154 affirmed per curiam 450 F.2d 280 (C.A. 5, 1971). The evidence presented by the petitioners does not "clearly establish" the amount of support provided by them during 1970. There was no documentary evidence introduced to corroborate the self-serving statements made by Rosalind on Form 2038-B Questionnaire - Exemption Claimed For Your Dependent Child. Petitioner Richard Gordon was repeatedly asked for any receipts, cancelled checks or any other evidence that would tend to support his assertions. He provided none. Certain items were so significant in relation to the total family income that the failure to prove the expenditure must weigh heavily against the petitioners, e.g., camp expenses of approximately $815 per child for 1970 were not proven by either cancelled checks or cash receipts. When asked where any bills, receipts or checks for such items as utilities, clothing, repairs, transportation or moving expenses were, Richard Gordon replied that they were "in a cardboard box either in my office or at home." They would have served him better at the trial. Accordingly, we conclude on this record that the petitioners have failed to clearly establish that they *155 provided more for the support of the children in 1970 than Broadman, the non-custodial parent. Decision will be entered for the respondent. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. This is composed of 12 weeks @$90 per week, 12 weeks @$95 per week and 27 weeks @$110 per week. ↩