SEYMOUR H. LEVINSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Levinson v. Commissioner
Docket No. 9016-72.
United States Tax Court
T.C. Memo 1974-260; 1974 Tax Ct. Memo LEXIS 62; 33 T.C.M. (CCH) 1152; T.C.M. (RIA) 74260; September 24, 1974, Filed. Seymour H. Levinson, pro se. Michael P. Casterton, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency of $141 in petitioner's 1971 Federal income taxes. The only issue before us is whether petitioner may claim a dependency exemption for his mother, thus entitling him to head of household rates. FINDINGS OF FACT
*63 All of the facts have been stipulated and are so found. Petitioner, Seymour H. Levinson, is a single individual who resided in Far Rockaway, New York, at the time he filed the petition in the instant case. He filed his 1971 calendar year Federal income tax return on the cash basis method of accounting with the district director of internal revenue, Brooklyn, New York. During the year 1971, petitioner did not provide his mother, Lillian Levinson, with more than one-half of her support for that year. On his Federal income tax return for 1971, petitioner claimed a dependency exemption for his mother and utilized the head of household rates in calculating his tax liability. Respondent, in his statutory notice of deficiency, determined that petitioner was entitled neither to an exemption for his mother, nor to the utilization of head of household rates. OPINION Petitioner concedes that because he did not provide more than one-half his mother's support in 1971, that he is not entitled to a dependency exemption for her under present sections 151 and 152. [1] Having conceded this, petitioner makes numerous constitutional attacks on these provisions in which he basically asks *64 us to rewrite these provisions to allow him to claim an exemption. Petitioner first argues that section 152 violates the due process requirement posited by the fifth amendment but such position has already been rejected by this Court. Allen F. Labay, 55 T.C. 6, 14 (1970), affd. 450 F.2d 280 (C.A. 5, 1971). We stand by our holding in Labay and reject petitioner's due process attack. Petitioner's only other contentions embrace a general attack on the entire Code and its administration. He first argues that section 152 is unconstitutional because it is part of a Code which consistently violates the uniformity requirement of article I, section 8. Petitioner in essence argues that intrinsic rather than a mere geographic uniformity is required of the Internal Revenue Code. Again, however, this is an issue which has been definitively handled, and petitioner's position firmly rejected. Brushaber v. Union Pac. R.R., 240 U.S. 1, 24 (1916); Bromley v. McCaughn, 280 U.S. 124, 138 (1929). Thus, we need not further consider this *65 argument of petitioner. Finally, petitioner asserts that his treatment by the Internal Revenue Service was highly arbitrary in that his return was selected at random for audit. The Internal Revenue Service, however, must handle millions of taxpayer returns each year, and even were its system of audit selection largely random, we could not find it unreasonable or arbitrary under such circumstances. Because we have found that petitioner may not claim a dependency exemption for his mother, we must also hold that he is not entitled to claim head of household rates. Sec. 2(b). Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise specified. ↩