RONALD D. CARLSON, and PATRICIA A. CARLSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carlson v. Commissioner
Docket No. 3562-74.
United States Tax Court
T.C. Memo 1974-299; 1974 Tax Ct. Memo LEXIS 21; 33 T.C.M. (CCH) 1387; T.C.M. (RIA) 740299; December 2, 1974, Filed. Philip J. Erbacher, for the petitioners. Larry K. Akins, for the respondent. FORRESTER
MEMORANDUM OPINION FORRESTER, Judge: On September 20, 1974, petitioners filed a motion for summary judgment under Rule 121, Tax Court Rules of Practice and Procedure.
The primary issue raised by the *22 pleadings is whether petitioner Ronald D. Carlson's (Ronald) payments for support of two children by a former marriage, who were not in his custody, entitled petitioners to a dependency exemption in 1970 and 1971 for each of the two children. A second issue raised involves merely a mechanical adjustment to the petitioners' sales tax deduction and is wholly dependent upon the resolution of the dependency exemption issue. Petitioners' claim for the dependency exemptions is founded on section 152(e) (2) (B). [1] They argue that they are entitled to summary judgment because respondent has admitted that Ronald's support payments exceeded $1,200 in both 1970 and 1971, and because respondent has merely asserted by notice of deficiency that it has not been established that such support payments entitle Ronald to the claimed exemptions under section 152. We think petitioners have misconceived both the law relating to the dependency issue and to the place of summary judgment in the judicial process, and we deny their motion. Section 152(e) (1) provides (as here relevant) that if a *23 child of divorced parents receives over half of his support for a calendar year from them and is in the custody of one or both of them for more than half of such year, that such child shall be treated as receiving over half of his support for such year from one or the other of such parents. Section 152(e) (2) (B) provides that as between such divorced parents, if the non-custodial parent provides at least $1,200 support for the children, and if the custodial parent does not clearly establish that he has provided more support for the children than the non-custodial parent has, then the non-custodial parent is entitled to claim the children as dependents. Where the respondent disallows dependency exemptions to the non-custodial parent who provides at least $1,200 in support and the custodial parent is not privy to the action for redetermination of the deficiency, the respondent has the burden of going forward with the proof to establish clearly that the custodial parent provided more support to the children than did the non-custodial parent. Allen F. Labay, 55 T.C. 6, 13 (1970), affirmed per curiam 450 F.2d 280 (C.A. 5, 1971). Petitioners, citing Labay, *24 have the impression that because respondent has not clearly established that Ronald's former wife paid more of the children's support than Ronald did that petitioners are entitled to summary judgment. They neglect two fundamental points. First, respondent has not yet had an opportunity to go forward with his burden of proof and one of the functions of a trial in our judicial system is to afford him such an opportunity. Second, the question presented here, which is purely one of disputed facts material to the rule of section 152(e) (2) (B), is exactly what summary judgment is not designed to resolve. Julius E. Hoeme, 63 T.C. [*] (Oct. 15, 1974); 6 Moore's Federal Practice, par. 56.15[1.-0], p. 2281 (2d ed. 1948). Moreover, should respondent carry his burden and prove that the custodial parent paid more in support than the respondent admits Ronald paid, petitioners will have the opportunity at trial to prove both that Ronald paid more in support than respondent admits and that he paid more than his former wife paid. The fact that respondent in another proceeding has taken inconsistent and alternative positions with regard to Ronald and his former wife is immaterial to the *25 disposition of this motion and to the burden of proof at trial. Julius E. Hoeme, supra, and cases cited therein. Petitioners' motion for summary judgment is denied. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise specified. ↩