MARIAN LEPPARD COLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cole v. Commissioner
Docket No. 706-73.
United States Tax Court
T.C. Memo 1975-144; 1975 Tax Ct. Memo LEXIS 229; 34 T.C.M. (CCH) 680; T.C.M. (RIA) 750144; May 15, 1975, Filed Marian Leppard Cole, pro se. Robert E. Dallman, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $275.42 in petitioner's 1970 income tax. The issue is whether petitioner is entitled to deductions for dependency exemptions for two minor children in 1970 under section 152. [1]
FINDINGS OF FACT Some facts were stipulated and are found accordingly. Petitioner timely filed her 1970 individual income tax return with the district director of internal revenue, *231 Baltimore, Maryland. She resided in Kensington, Maryland, at the time her petition was filed. Petitioner was divorced from William R. Cole, III (hereinafter Cole), by decree of the Municipal Court of the District of Columbia (hereinafter Municipal Court) during 1962. Prior thereto, that court issued a Support Order on February 21, 1962, which ordered that the children of petitioner and Cole, Bruce Leppard Cole and Wendy Ruth Cole (hereinafter children), temporarily remain under the supervision and control of Cole. Petitioner was granted visitation rights of two days per week with her children. Petitioner and Cole were divorced on April 19, 1962. Cole was awarded permanent custody of the children pursuant to the divorce decree. Pursuant to petitioner's divorce action, the Municipal Court issued an order on October 23, 1962, which provided that the children would visit petitioner seven days during the Christmas season and the month of July of each year; Cole assumed only the cost of the children's transportation for these visits. There were no substantial modifications of that order affecting 1970. During 1970, the children lived with petitioner a total of 40 days, during which *232 petitioner provided their support. During the rest of the year, the children lived with and were supported by Cole. Petitioner and Cole did not have any written agreement for 1970 providing that petitioner would be entitled to claim the children as dependents, and the divorce decree contained no agreement providing that petitioner would be entitled to claim the children as dependents. Petitioner testified that she could not prove that she spent $600 or more for each child or $1,200 or more for the support of both her children in 1970. The only time petitioner had custody of her children during 1970 was during the 40 days that they stayed with her. ULTIMATE FINDINGS OF FACT 1. There was no "multiple support agreement," as defined in section 152(c), operative between petitioner and Cole for 1970. 2. Cole had custody of the children for a greater portion of 1970 than did petitioner. 3. Petitioner could not prove she provided $600 or more in support for each child or $1,200 in total support for the children during 1970. OPINION The issue is whether petitioner is entitled to deductions for dependency exemptions for two minor children in 1970 under sections 151 and 152. *233 Since petitioner is divorced, she must meet the requirements of section 152(c) or (e) to deduct her two children as dependents. [2]
*234 No multiple support agreement existed for 1970, and petitioner did not contend that section 152(c) was complied with. Petitioner also does not qualify under section 152(e)(1), as she did not have custody of her two children during more of 1970 than did her ex-husband, Cole. Petitioner contends in this regard that she should be allowed to aggregate periods of 38 to 40 days each year during the nine or ten years preceding 1970, the sum of which is over 365 days, in support of her claim that she is entitled to a deduction in 1970. She notes that she did not claim deductions for the children for any year subsequent to the divorce and prior to 1970. Section 152(e) makes no such test, however, each year is considered on its own. Accordingly, petitioner has failed to satisfy the requirements of section 152(e)(1). There was no written agreement or anything in the divorce decree evidencing an understanding that petitioner, the noncustodial parent, would be entitled to deduct the children as dependents; furthermore, petitioner cannot prove that she provided at least $600 for the support of each of her children. Petitioner accordingly does not satisfy section 152(e)(2)(A). Since petitioner *235 also could not prove that she contributed $1,200 or more for the support of her children during 1970, she also did not satisfy the requirements of section 152(e)(2)(B). Petitioner attacks sections 151 and 152 on the ground that those sections deny her equal protection under the laws under the fourteenth amendment to the Constitution. This Court has held that the fourteenth amendment does not apply to Federal tax statutes; furthermore, this issue has been raised before, and we stated at that time that deductions are allowed as a matter of legislative grace; that sections 151 and 152 are not arbitrary or capricious; and that those sections provide reasonable classifications for dependency exemption deductions. Petitioner's attack is without merit. Allen F. Labay,55 T.C. 6, 14 (1970), affd. on another issue 450 F. 2d 280 (C.A. 5, 1971). We accordingly hold that petitioner is not entitled to deductions for dependency exemptions for her two minor children in 1970. Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. SEC. 152. DEPENDENT DEFINED. (c) Multiple Support Agreements.--For purposes of subsection (a), over half of the support of an individual for a calendar year shall be treated as received from the taxpayer if-- (1) no one person contributed over half of such support; (2) over half of such support was received from persons each of whom, but for the fact that he did not contribute over half of such support, would have been entitled to claim such individual as a dependent for a taxable year beginning in such calendar year; (3) the taxpayer contributed over 10 percent of such support; and (4) each person described in paragraph (2) (other than the taxpayer) who contributed over 10 percent of such support files a written declaration (in such manner and form as the Secretary or his delegate may by regulations prescribe) that he will not claim such individual as a dependent for any taxable year beginning in such calendar year. * * * (e) Support Test in Case of Child of Divorced Parents, etc.-- (1) General rule--If-- (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) Such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For the purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support. * * * (4) Exception for multiple-support agreement.--The provisions of this subsection shall not apply in any case where over half of the support of the child is treated as having been received from a taxpayer under the provisions of subsection (c).↩