MARLIN K. KITTLE and MYRTLE J. KITTLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kittle v. Commissioner
Docket No. 322-73.
United States Tax Court
T.C. Memo 1975-150; 1975 Tax Ct. Memo LEXIS 221; 34 T.C.M. (CCH) 697; T.C.M. (RIA) 750150; May 19, 1975, Filed Marlin K. Kittle, pro se. Jack A. Joynt, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $509.78 income tax deficiency for *222 petitioners for 1969. The issues for decision are (1) whether petitioners have overcome the presumption favoring the non-custodial parent who pays over $1200 for child support, thereby entitling them to three claimed dependency exemptions, and (2) whether petitioners are entitled to certain claimed itemized expenses. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners, Marlin K. and Myrtle J. Kittle, resided in Louisville, Kentucky when they filed their petition. They filed their 1969 joint income tax return with the district director of internal revenue, Louisville, Kentucky. They kept their records and prepared their return on the cash basis method of accounting. 1. Support payments.
Petitioner, Myrtle Kittle, was formerly married to William G. Wohner, by whom she had three children, Annette, James and Esther. When Myrtle and William were divorced in 1962, Myrtle was given custody of the children. Myrtle subsequently married Marlin Kittle. Petitioners Myrtle and Marlin claimed the three children as dependents on their 1969 return. The children's father, William, did the same. William Wohner provided the following amount of support *223 for the three children in 1969: Child support through the Jefferson County
Juvenile Court
$1,475.00
Health insurance premiums paid to the Blue
Cross Hospital Plan, Inc. ($25.89 per
child)
77.67
Total
$1,552.67 Thus, in 1969 William Wohner provided support of $517.56 per child. The total amount petitioners allege they spent on the three children in 1969 included, interalia, amounts for grocery bills, utility bills, dairy bills, medical bills, lodging, life insurance premiums, home repairs, clothing and school supplies. We find that petitioners spent the following amounts on the children in 1969: Grocery bills, $1,110.03; 60 percent allocable
to the three children
$ 666.02
Utility bills, $431.79; 60 percent allocable to
the three children
259.07
Dairy bills, $90.75; 60 percent allocable to the
three children
54.45
Lodging (fair rental value), $1,080; 60 percent
allocable to the three children
648.00
Hospital bill for Esther
17.10
Weekly Readers Book Club, 100 percent allocable
to the three children
6.15
Clothing for the three children
720.00
Bicycles and watches for the three children
185.64
Total
$2,556.43
Of *224 the total $2,556.43 spent on the children by petitioners in 1969, William Wohner provided $1,475, and petitioners provided $1,081.43. Petitioners failed to provide more than half of the support for the three children. 2. Itemized deductions.
The following itemized deductions claimed by the petitioners are in issue: Interest expenses--
Home mortgage
$106.15
Modern Loan Company
75.00
Bank of Louisville
100.00
Credit Clearing House of
Kentucky
50.00
First National Bank
125.00
Charitable contributions--
United Fund
20.00
Crusade for Children
50.00
Taxes--
Personal property tax
150.00
Other--
School books and equipment
40.00
Volunteer fireman equipment
125.00
Home maintenance and repairs
140.00
Theft of three beagles valued
at $50 each (less $100)
50.00
Bad debt
150.00
Respondent disallowed these deductions on the grounds that petitioners had failed to prove that the expenditures were in fact made, and, if made, were deductible. OPINION 1. Support payments.
In the case of children of divorced parents, section 152(e)(1) [1] provides that, as a general rule, the custodial parent is entitled to the dependency *225 exemptions for the children. There are two exceptions to the general rule. The one which concerns us in this case is section 152(e)(2)(B)(i) and (ii), which provides that the non-custodial parent is entitled to the exemption if-- (B)(i) the parent not having custody provides $1,200.00 or more for the support of such child (or if there is more than one such child, $1,200.00 or more for all such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. Although the petitioners had custody of the three children, respondent established that William Wohner (the children's father) met the requirements of section 152(e)(2)(B)(i) by having provided more than $1200 support for the children in 1969. Petitioners are not entitled to the dependency exemptions for the children unless they can clearly establish that they provided more for the support of the children than did William Wohner. This they have failed to do. *226 The petitioners attempted to prove the total support for the children in order to show they provided more of that support than the children's father. The petitioners are required to sustain their burden of proof by a clear preponderance of the evidence. Allen F. Labay,55 T.C. 6 (1970), affirmed percuriam450 F. 2d 280 (C.A. 5, 1971). They did not prove that they spent more than $2,556.43, less than twice the $1,475 child support payments made by the father. As for additional alleged support payments, life insurance premiums paid on insurance policies on the lives of the children are not support ( Aaron F. Vance,36 T.C. 547 (1961)), and the other claimed expenditures were either not properly documented or were not related to support for the children. Therefore, petitioners are not entitled to dependency exemptions for the three children in 1969. 2. Itemized deductions.
Petitioners are not entitled to any of the claimed deductions in issue. Petitioners' uncorroborated estimates of interest payments made to various concerns neither establish their existence nor amount. While there was some documentation reflecting *227 principal payments to listed companies which possibly included interest, there was no indication of the portion allocable to interest, if any. Nor was there an indication of the interest rate which might have allowed us to compute the deductible amount. Teichner v. Commissioner,453 F. 2d 944, 950 (C.A. 2, 1972), reversing a Memorandum Opinion of this Court. Petitioners' testimony was insufficient to substantiate the charitable contributions. They failed to introduce statements from the donee organizations to corroborate the contributions. Section 170(a)(1); section 1.170-1(a)(3)(iii), Income Tax Regs. The expenditures for school books and equipment and the cost of home maintenance and repairs are non-deductible personal expenses. Section 262 and accompanying regulations. Petitioners' uncorroborated estimates of amounts spent for personal property taxes and Mr. Kittle's expenses as a volunteer fireman do not satisfy petitioners' burden. Petitioners also claimed a theft of three beagles valued at $50 each. Petitioner valued beagles given to the Crusade for Children at $25 each, while for theft purposes their alleged value was $50. Petitioners have failed to *228 substantiate that the amount of the theft loss exceeded the $100 deductible amount. As for petitioners' claim for a bad debt deduction, there is no evidence in the record that the debt became worthless in 1969. Nathan D. Lieberfarb,60 T.C. 350, 355 (1973). Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩