EARL and JANICE JENKINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent. DALE E. FRAZIER and RHODA M. FRAZIER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Jenkins v. Commissioner
Docket Nos. 2850-74 and 2963-74.
United States Tax Court
T.C. Memo 1975-218; 1975 Tax Ct. Memo LEXIS 165; 34 T.C.M. (CCH) 944; T.C.M. (RIA) 750218; June 30, 1975, Filed Earl and Janice Jenkins, pro se. in Docket No. 2850-74. Dale E. and Rhoda M. Frazier, pro se. in Docket *166 No. 2963-74. Robert N. Armen, Jr., for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION. SCOTT, Judge: Respondent determined a deficiency in the Federal income tax of petitioners Earl and Janice Jenkins for the calendar year 1971 in the amount of $409.81 and determined a deficiency in the Federal income tax of petitioners Dale E. and Rhoda M. Frazier in the amount of $417.45 for the calendar year 1971. One of the issues involved in the case of Dale E. and Rhoda M. Frazier has been conceded by petitioners, leaving for our decision in these cases whether the Jenkins or the Fraziers are entitled to deductions for the dependency exemptions in the calendar year 1971 for the three children of Janice Jenkins and Dale E. Frazier who were divorced in 1968. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Earl and Janice Jenkins, husband and wife, who resided in Maumee, Ohio at the time their petition in this case was filed, filed a joint Federal income tax return for the calendar year 1971 with the Internal Revenue Service Center, Cincinnati, Ohio. Dale E. and Rhoda M. Frazier, husband and wife who resided in Toledo, *167 Ohio at the time their petition in this case was filed, filed a joint Federal income tax return for the calendar year 1971 with the Internal Revenue Service Center, Cincinnati, Ohio. Janice Jenkins and Dale E. Frazier were formerly husband and wife. Three children were born of their marriage--Tauna Sue on January 26, 1959, Terry Lynn on May 1, 1960, and Timothy Allen on August 19, 1961. Janice Jenkins and Dale E. Frazier were divorced on April 17, 1968. Under the decree Janice was awarded custody of the three children with normal visitation rights granted to the father, Dale E. Frazier. Mr. Frazier was ordered to pay a total of $35 per week for the support of the three children. Neither the divorce decree nor separation agreement provided which of the parents should be entitled to claim the three children as dependents for the purpose of Federal income tax. Under the decree, in addition to the $35 per week, Mr. Frazier was required to pay all extraordinary medical, optical, and dental expenses incurred for services rendered to the three children. Prior to 1971, each of the parties to the divorce had remarried, Janice Jenkins being married to Earl Jenkins, and Dale E. Frazier *168 to Rhoda M. Frazier. Throughout the year 1971, the three children lived with their mother, Janice Jenkins except for periodic visitations when they were with their father. Generally, Mr. Frazier would pick the children up at approximately 10 o'clock on Saturday morning, provide their lunch and dinner on that day, and return them home after dinner at about 7 o'clock in the evening. During the calendar year 1971 Mr. Frazier paid for the support of the three children $1,840 pursuant to the divorce decree. In addition he spent $500 during the year 1971 for food for the children on the Saturdays when they were with him, clothing, birthday and Christmas presents, entertainment, medical expense, and miscellaneous items for the children. Mr. Frazier carried hospital insurance for the children at his place of employment and the cost of this insurance was deducted from his salary. The medical expenses that he paid in 1971 were out-of-pocket expenditures made by Mr. Frazier. Mrs. Jenkins did not retain receipts for her expenditures for the support of the children. When she did, at the suggestion of employees of the Internal Revenue Service, list various items as her estimate of expenses, *169 the total of such items listed as estimates amounted to $5,001.16 for the total support of the three children. Of this amount she stated she received $1,840 from Mr. Frazier. Her estimate did not include any expenditure made directly for the children by Mr. Frazier. In making the estimate, she estimated a weekly grocery bill of $65 and by multiplying this amount by 52 arrived at a yearly grocery bill of $3,380. To obtain food expenses, she divided this yearly amount by five and allocated one-fifth to each of the children. One of the children spent 2 weeks visiting an uncle during 1971. Another one of the children attended a camp during 1971, and the girls, during the year, made a trip to Indianapolis to an aunt's wedding. Mrs. Jenkins estimated a gas bill of $300 for the year 1971. She produced some of her monthly receipts for gas during the year 1971, the amounts shown on such receipts ranging from $14 to $21 a month. Mrs. Jenkins estimated $91.56 for telephone bills during 1971, but actually had a telephone only for 2 months of that year. Mrs. Jenkins estimated $305 as the electric bill for 1971, but had no receipts for electricity and testified that the house was heated by gas. *170 Mrs. Jenkins did not have a washing machine during 1971, and although she had an electric dryer, it was not connected and she did not use it but did the laundry at a laundromat. The rent on the Jenkins' apartment during the year 1971 was $65 a month for a total of $780. The Jenkins lived in a downstairs apartment in an older house which had been divided into two apartments and had an arrangement during the time they did not have a telephone to use the telephone in the apartment upstairs. Mrs. Jenkins estimated payment of $60 for "regular babysitters." The only income reported on the Jenkins joint return for the year 1971 was the wages as shown on two W-2 forms paid for the year to Mr. Jenkins. When Mrs. Jenkins went to the hospital, her sister came and Mrs. Jenkins estimated a payment for "babysitter while mother in hospital" of $61.65 which Mrs. Jenkins estimated to represent $11.65 of bus fare and $25 a week which she gave to the sister while she was there. Mrs. Jenkins estimated that she spent $600 for clothing for the three children in 1971 and $300 for Christmas gifts to them. She had receipts for only $84 of the total amount of $900 which she estimated she spent for clothing *171 and Christmas gifts. In addition she estimated various other miscellaneous expenditures. Mr. and Mrs. Jenkins on their Federal income tax return for the calendar year 1971 claimed dependency exemption deductions for each of Mrs. Jenkins' three children. Mr. and Mrs. Frazier on their Federal income tax return for the calendar year 1971 claimed dependency exemption deductions for each of Mr. Frazier's three children. Respondent in his notice of deficiency to Mr. and Mrs. Jenkins disallowed the three claimed dependency exemptions for Mrs. Jenkins' three children, and in his notice of deficiency to Mr. and Mrs. Frazier disallowed the claimed dependency exemption deductions for Mr. Frazier's three children. At the trial respondent's counsel stated that respondent was unable to determine the proper party to claim the three dependency exemptions and took no position with respect to whether Mrs. Jenkins or Mr. Frazier was entitled to deduct the dependency exemptions for the three children. OPINION Section 151(e), I.R.C. 1954, [1] provides that a taxpayer may deduct an exemption for each dependent as defined in section 152 whose gross income is less than the specified amount or who *172 is a child of the taxpayer who has not attained 19 years of age. Section 152(a) defines a dependent to include a son or daughter over half of whose support for the calendar year was received from the taxpayer. However section 152(e) provides a special support test for the child of divorced parents. [2] Under the provisions of this section if a child receives over half of his support during the calendar year from his divorced parents, and such child is in the custody of one or both of his parents for more than half of the calendar year, such child shall be treated as receiving over half of his support during the calendar year from the parent having custody for the greater portion of the year unless the parent not having custody provides $1,200 or more for the support of such child or children for the calendar year and the parent having custody of such child "does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody." *173 The record here clearly shows that the parents of Tauna, Terry, and Timothy were divorced during the entire calendar year 1971, that the parents together contributed over half of their support during the calendar year, and that they were in custody of their parents for the entire calendar year. Since the record is clear that Mr. Frazier, the parent not having custody, provided more than $1,200 of support for the three children in 1971, he is entitled to a deduction for the dependency exemption for each of the children unless Mrs. Jenkins, the parent having custody, is able to clearly establish with respect to one or all of the children that she provided more for the support of such child during the calendar year than Mr. Frazier provided. In Allen F. Labay,55 T.C. 6, 13 (1970), affirmed per curiam 450 F. 2d 280 (5th Cir., 1971), we held that the words "clearly establish" as used in section 152(e)(2)(B)(ii) require only that it be shown by a clear preponderance of the evidence that the parent having custody of the child provided more support for the child than the parent not having custody. We further went on to say that a clear preponderance of the *174 evidence "means something more positive and explicit, as opposed to inferences to be drawn from ambiguous and equivocal proof." Here, the proof with respect to the amount Mrs. Jenkins contributed to the support of the children was far from clear. By her own admission almost all of the figures she used to determine the items she spent for support were estimates. She explained including over $91 for a telephone bill which was computed by estimating a monthly telephone rate and multiplying the estimate by 12, that she forgot they did not have a telephone until the last 2 months of 1971, but she explained she did pay something to the woman upstairs for permission to use her telephone. No explanation was given of the amount paid "to the woman upstairs" for use of her telephone. Mrs. Jenkins gave no basis for her estimate of the total grocery bill and explained not adjusting for meals in which the children did not participate because of being with their father by stating that they came home hungry and she had to give them dinner. She also attempted to justify making no adjustments for meals the children took when they were with their father by saying that from what the children told her *175 she had better meals than they were given at their father's house. She made no explanation for making no adjustments for times when the children were away on visits or at camp. Mrs. Jenkins made no attempt to list in detail the items of clothing or Christmas gifts and could produce receipts only for $84 of the total claimed amount she spent for these items. Mr. Frazier testified specifically with respect to items of clothing he purchased for the children. His testimony was corroborated by his wife and by checks with notations made with respect to the item for which it was spent. He testified that it was necessary for him to supply items of clothing for the children because of the way they were dressed when he picked them up for their Saturday visits. Mrs. Jenkins' testimony was inconsistent in other respects. She first testified that she did not have the receipts because she did not believe there would be any contest as to who should claim the dependency exemptions, stating that she had not stated to Mr. Frazier that she was going to claim the exemptions and that he had not made the same statement to her. Later she testified that they could reach no agreement at the time of the divorce *176 as to which of them would claim the dependency exemptions and that she had told Mr. Frazier she intended to claim dependency exemptions for the three children and he had told her that he intended to claim the dependency exemptions. Later she explained the absence of receipts other than the few which she produced, by stating that when she and her family moved in 1972 she threw the receipts out. Without attempting to recite all of the deficiencies in the evidence offered in an effort to establish that Mr. and Mrs. Jenkins contributed more to the support of Mrs. Jenkins' three children than did Mr. Frazier, suffice it to say that after consideration of all the facts, we conclude that it has not been clearly established what amount Mr. and Mrs. Jenkins contributed to the support of the three children of Mrs. Jenkins in 1971. In our view there is not a preponderance of the evidence to establish that Mr. and Mrs. Jenkins contributed more to the support of Mrs. Jenkins' three children than did Mr. Frazier. Therefore, under the provisions of section 152(e)(2)(B), Mr. Frazier is entitled to the claimed dependency exemptions for the three Frazier children and we so hold. Since another adjustment *177 made in the deficiency notice to the Fraziers was conceded by them, Decision will be entered under Rule 155 in Docket No. 2963-74. Decision will be entered for respondent in Docket No. 2850-74.
Footnotes
1. All references are to the Internal Revenue Code of 1954. ↩
2. Sec. 152(e) Support Test in Case of Child of Divorced Parents, etc.-- (1) General rule--If-- (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- * * *
(B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.↩