LYNNE T. ROBINSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent. CHARLES D. ROBINSON, II and SARA J. ROBINSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Robinson v. Commissioner
Docket Nos. 445-77 659-77
United States Tax Court
T.C. Memo 1978-21; 1978 Tax Ct. Memo LEXIS 498; 37 T.C.M. (CCH) 140; T.C.M. (RIA) 780021; January 18, 1978, Filed *498 The noncustodial father contributed $1,118 for the support of each of his two minor children of a former marriage. The custodial mother produced evidence showing her contributions for the support of the two children to be $1,226.78 and $1,384.50. Held, the custodial mother has "clearly established" as required by section 152(e)(2)(B), I.R.C. 1954, that she provided more for the support of both children than did the noncustodial father in 1974. Lynne T. Robinson, pro se. Karl M. Walz, for petitioners Charles and Sara Robinson Wayne M. Bach, for the respondent. BRUCE MEMORANDUM FINDINGS OF FACT AND OPINION BRUCE, Judge: Respondent determined deficiencies in the Federal income tax of petitioners for the taxable year 1974 as follows: Docket No.
Petitioner
Deficiency
445-77
Lynne T. Robinson
$273.91
659-77
Charles D. Robinson, II
363.91
and Sara J. Robinson
At issue in these consolidated cases is the entitlement to claim dependency exemption deductions for the two minor children of Lynne T. Robinson and Charles D. Robinson, II. FINDINGS OF FACT Some of the facts have been stipulated, and they, together with the exhibits attached thereto, are incorporated *500 herein by this reference. Each petitioner resided in Louisville, Kentucky at all pertinent times. Prior to their divorce on February 23, 1971, Lynne T. Robinson and Charles D. Robinson, II, were husband and wife. [1] During 1974 the two minor children born of their marriage, Laura and Nancy, ages nine and five, respectively, resided with their mother. More than one-half of the support for these two dependent children was provided by their parents. During the taxable year, Charles made payments to Lynne for the support of Laura and Nancy totalling $2,236, or $1,118 for each child. Lynne was employed part-time during 1974 as a school teacher. She had earnings from her employment of $6,767, from which earnings a total of $1,364 in Federal, state, and local taxes was withheld. Lynne also had interest income of $62. The parties stipulated that Lynne expended the following amounts in support of Laura and Nancy during 1974: Laura
Nancy
Hospitalization Insurance
$174.50
$174.50
Medical Expenses
54.50
256.50
Education Expenses
9.75
250.00
Recreation
46.28
Totals
$285.03
$681.00
*501 Lynne, Laura, and Nancy resided in the home of Lynne's parents during 1974. Although her parents would have permitted all three of them to live there without charge, but because she was receiving child support payments and employed part-time, Lynne agreed to and did pay her parents $1,200 for rent and $180 for utilities for the children to live in their grandparents' house.
Lynne also purchased and prepared the food for herself and her children. She maintained a monthly budget in which the breakdown per day for each child's food was $2.50, or $912.50 for each child for the year. Lynne kept receipts for clothing purchases for each of her daughters. During 1974 she paid $253 for Laura's clothing and $118 for Nancy's clothing. In addition to the $9.75 stipulated to have been paid for Laura's education, Lynne made cash payments totalling $12.25 for Laura's school supplies and workbooks. In addition to the $46.28 stipulated to have been spent for recreation for Laura, Lynne spent $131 for swimming lessons, Girl Scout activities, trips, toys, and a birthday party. She also spent $40 on trips, toys, and a birthday party for Nancy. Haircuts for each child cost $36, and each child *502 made church contributions of $25 during the year. In tabloid form, the amount of support provided for each child is as follows: Laura
Nancy
Stipulated Amounts
$ 285.03
$ 681.00
Rent and Utilities
690.00
690.00
Food
912.50
912.50
Clothing
253.00
118.00
Education
12.25
Travel - Recreation
131.00
40.00
Haircuts
36.00
36.00
Church
25.00
25.00
Total Support
$2,344.78
$2,502.50
Less: Contributions by Charles
1,118.00
1,118.00
Lynne's Contributions
$1,226.78
$1,384.50
OPINION At issue is whether Lynne or Charles is entitled to claim the dependency exemption deductions for their two children for 1974. Other pertinent facts having been stipulated, resolution of the issue depends upon which parent contributed more for the support of each child. The statutory provision involved is section 152(e)(2)(B), an exception to the general rule of section 152(e)(1), [2] which operates to award the deductions to Charles unless Lynne can "clearly establish" that she provided more for the support of Laura and Nancy that did he. Lynne has produced evidence to support that conclusion; the dispositive question is the acceptability of that evidence. *503 *504 In Labay v. Commissioner,55 T.C. 6 (1970), affd. 450 F.2d 280 (5 Cir., 1971), we construed the statutory standard "clearly establish" as requiring the custodial parent to show by a clear preponderance of the evidence that he provided a greater amount of support than the noncustodial parent. A clear preponderance of the evidence requires "evidence that tends directly to establish the point to which it is adduced," i.e. something positive and explicit as opposed to evidence that is ambiguous or equivocal. Labay v. Commissioner,supra, at 13. We find that Lynne has met her burden. Charles does not dispute that Lynne paid her parents $1,380 for rent and utilities but he submits that only one-third of that amount should be allocated for each child, the remaining one-third being attributable to Lynne's also residing with her parents. He has not adduced any evidence, however, to refute her testimony that the money was in fact paid solely on behalf of the children. The amounts paid are modest and Lynne's explanation of why any amount was paid is reasonable. Contrary to Charles' characterization of Lynne's $912.50 per *505 child annual food allowance as being arbitrary, she testified with specificity how she arrived at that figure. Lynne maintained a monthly budget in which the breakdown for food for each child equalled $2.50 per day. Expenditures for food are of necessity an estimate, Labay v. Commissioner,supra, at 12, and on this record, we can find Lynne's estimate to be neither arbitrary nor unrealisitic. With respect to clothing expenditures of $118 for Nancy and $253 for Laura, Lynne submitted two envelopes of loose receipts. She indicated that when clothing purchases were made, she would place the receipts in the appropriate envelope she maintained for each daughter. Lynne also explained that clothing costs for Laura were higher because Laura was older and attended school. We fail to appreciate Charles' assertion that allowance of these items "would have to be based on the merest speculation." The other items of support were either stipulated or not specifically questioned by Charles. Each expenditure was identified and explained by Lynne. In our opinion she has clearly established that she provided more for the support of both Laura and Nancy than did Charles *506 during 1974. Decision will be entered for the petitioner in Docket No. 445-77. Decision will be entered for the respondent in Docket No. 659-77. Footnotes
1. Sara J. Robinson is a party to this proceeding solely by reason of having filed a joint return for 1974 with Charles D. Robinson, II. For convenience we shall hereinafter refer to the petitioning parties as Lynne and Charles.↩
2. SEC. 152. DEPENDENT DEFINED. * * *
(e) Support Test in Case of Child of Divorced Parents, Et Cetera.-- (1) General Rule.--If-- (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless be is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special Rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.↩