NANCY BOYD MARTIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Martin v. Commissioner
Docket No. 4594-76.
United States Tax Court
T.C. Memo 1978-37; 1978 Tax Ct. Memo LEXIS 471; 37 T.C.M. (CCH) 202; T.C.M. (RIA) 780037; January 30, 1978, Filed Arthur P. Tranakos, for the petitioner. *472 Stanley H. Smith, Jr., for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined a deficiency of $270.01 in petitioner's individual Federal income tax for the calendar year 1972. The sole issue is whether petitioner is entitled to dependency exemptions for her two daughters. All of the facts have been stipulated. Petitioner, Nancy Boyd Martin, resided in Tallahassee, Florida, on the date her petition in this case was filed. She filed an individual Federal income tax return for the calendar year 1972 with the Internal Revenue Service Center in Chamblee, Georgia. During the year 1972 petitioner maintained a home in Atlanta, Georgia, for herself and her two minor daughters. At that time she was divorced from her former husband, Paul Daniel Martin. Petitioner and Paul Martin were married on September 8, 1951. Their first daughter, Cynthia Martin ("Cynthia"), was born December 20, 1954, and their second daughter, Maria Daniel Martin ("Maria"), was born December 29, 1964. Petitioner and Paul Martin were divorced by a decree from the Superior Court of the State of Georgia in February 1970. Such decree did *473 not establish, among other things, child support or either party's right to claim dependency exemptions for the two children. On March 16, 1970, petitioner commenced an action against Paul Martin in the Court of Common Pleas, Richland County, South Carolina ("Court of Common Pleas"). Petitioner's action was referred to the Master in Equity of Richland County, South Carolina, and a hearing was held on August 5, 1970. The Master's Report was filed with the Court of Common Pleas on September 14, 1970, and confirmed by the Court of Common Pleas by Order dated February 17, 1971. The Order provided, among other things, that Paul Martin would be required to pay $450 per month to petitioner as child support. The petitioner and the Commissioner have stipulated that, by the terms of this Order, Paul Martin was entitled to the dependency exemption deduction under section 151, I.R.C. 1954, for his daughters Cynthia and Maria. [1]
*474 On October 29, 1971, Paul Martin commenced an action in the Court of Common Pleas seeking, among other things, to reduce child support payments.The matter was referred to a master who found that Paul Martin was unemployed for a period of some months in 1971, that arrearages in his child support payments accumulated during that period, and that upon becoming reemployed in October 1971, his take-home pay was $264.76 less per month than when the support payments were originally set at $450 a month for the two children. In accordance with the master's findings and recommendations, the Court of Common Pleas entered an Order upon such action, dated April 5, 1972, which provided in pertinent part as follows: ORDERED 1. That the amount of support that the defendant, Paul Daniel Martin, is required to pay to the plaintiff, Nancy Boyd Martin, for the support of the two children is reduced from $225.00 per month per child to $150.00 per month per child effective January 1, 1972. 2. That the arrearage of the defendant through December 31, 1972 of $3,750.00 is to be paid as follows: $1,000.00 within 30 days of this order; $1,000.00 within six months thereafter; and the balance within *475 six months thereafter.
Paul Martin paid to petitioner $5,600 in 1972 as child support payments, of which $2,000 represented arrearage payments.The petitioner and the Commissioner have stipulated that the remaining $3,600 support payments in 1972 were allocable as support for Cynthia and Maria in the amounts of $1,800 each. The following schedule shows items of support furnished by the petitioner for Cynthia during 1972 utilizing her personal funds and the child support payments received by her from Paul Martin: Household Items
Cynthia
Rent
$2,475.00
Finder's fee
20.00
Lodging
$2,495.00
Food
1,847.33
Utilities
760.82
Cleaning
72.65
Periodicals
101.93
Frames, Plants,
Drapes and
Brass Pulls
181.82
Auto Expenses: Gas, oil and
repairs
698.53
Tax and Tag
53.25
Insurance
286.10
$6,497.43
Divided by 3
people in
household
./. 3
$2,165.81
$2,165.81
Medical and Dental Expenses
332.81 [2]/
Clothing
497.84
Education
58.73 [3]
Ballet
118.00
Taxis
13.10
Gifts to family
24.21
Hobby supplies
15.12
Luggage
179.01
Travel
93.00
Gifts, Entertainment, Miscellaneous
350.00
Support for Cynthia
$3,847.63
*476 Paul Martin furnished additional support for Cynthia during 1972 for the following items and in the following amounts: Health and Accident Insurance
$114.07
Vacation
50.00
Christmas and Birthday Gifts
50.00
Cash
75.00
$289.07
The petitioner and the Commissioner have stipulated that *477 the petitioner expended the following during 1972: Christmas Presents
$ 150.00
Citizens and Southern Charge
Account Service (Payments)
830.50
Purchases (Pier One Imports
and World Bazaar)
57.64
Cash
70.00
$1,108.14 There is no evidence that any of these items reflected support for either child in whole or in part. The Commissioner determined that petitioner was not entitled to dependency exemptions which she claimed on her 1972 return on account of Cynthia and Maria. The sole issue presented by this case is whether petitioner is entitled to dependency exemptions for her daughters Cynthia and Maria under section 151(a) and (e), I.R.C. 1954. It is undisputed that the resolution of this issue depends upon section 152(e)(2), which provides a special support test for the case of children of divorced parents. [4] The Government contends (1) that the exemption deductions for both children must be disallowed to petitioner under (e)(2)(A)(i), since, in its view, the Orders of the Court of Common Pleas dated February 17, 1971, and April 5, 1972, should be read as providing that the husband was to be entitled to these deductions; and (2) that even if it is wrong *478 as to (1), petitioner is not entitled to the deduction in respect of Cynthia (the only deduction that she seeks in these circumstances) by reason of (e)(2)(B)(ii) since she has not "clearly [established] that [she] provided more for the support" of Cynthia during 1972 than her divorced husband. We hold and find on this record that the Government is correct on both points. *479 1. The parties have stipulated that the Order of the Court of Common Pleas dated February 17, 1971, provided that Paul Martin should be entitled to claim dependency exemptions on account of the Martins' two daughters. Such Order was therefore sufficient to meet the requirements of section 152(e)(2)(A)(i). The Order of the Court of Common Pleas dated April 5, 1972, modified and supplemented the prior Order, but was not intended to supersede it entirely. The April 5 Order makes no mention of the dependency exemptions for Cynthia and Maria, and we therefore hold that the provisions of the prior Order on that subject continued to be effective after the entry of the April 5 Order. Since it is undisputed that Paul Martin furnished at least $600 for the support of each child in 1972, see section 152(e)(2)(A)(ii), we hold that Paul Martin, and not petitioner, was entitled to the dependency exemptions for Cynthia and Maria in 1972 under the clear mandate of section 152(e)(2)(A). 2. Petitioner makes the alternative argument that she is entitled to the dependency exemption for Cynthia in 1972 because she provided more than half of Cynthia's support in that year. See sections 152(e)(1), *480 152(e)(2)(B). Even assuming that the two Orders of the Court of Common Pleas were insufficient to bring section 152(e)(2)(A) into play, petitioner has failed to establish clearly that she provided more than half of Cynthia's support. Section 152(e)(2)(B)(ii); Labay v. Commissioner,55 T.C. 6, 12-13, affirmed 450 F. 2d 280 (C.A. 5). We have found as a fact that she provided $3,847.63 for Cynthia's support, of which $1,800 constituted child support payments from Paul Martin. [5] She has thus established support of $2,047.63 from her own funds, while Paul provided $2,089.07. In view of the specific statutory requirement of section 152(e)(2)(B)(ii) that petitioner must "clearly establish" that she provided more support for Cynthia than was provided by her divorced husband, we cannot find on the record before us that she has carried that burden. The figures are close, but Paul Martin's expenditures are somewhat greater, and in view of petitioner's burden just referred to, we must conclude that petitioner would not be entitled to her claimed dependency exemption for Cynthia, wholly apart from the fatal impediment that stands in her way by reason of section *481 152(e)(2)(A)(i). Decision will be entered for the respondent. Footnotes
1. The Order recites the following: The Master arrived at the figure of $450.00 per month [child support] by taking into consideration the needs of the children and the ability of the defendant [Paul Martin] to pay. As pointed out by the Master, at the present the defendant must file an income tax return as a single person and does not receive the benefits of filing a joint return. Therefore, he must pay a substantial amount of income taxes, State and Federal, on his annual income of $18,000.00. On the other hand he has the benefit of two exemptions for his two children whom he is supporting. * * *
It is therefore ORDERED: 1. That the Exceptions of the defendant to the Report of the Master are overruled and the Report of the Master is confirmed. 2. That the defendant is directed to pay to the plaintiff as child support the sum of $450.00 per month commencing the first day of March 1971. The Order does not otherwise mention dependency exemptions for Cynthia and Maria.↩
2. /↩ The parties have stipulated "Medical and Dental Expenses for Cynthia" in the amount of $267.98. They have also stipulated that petitioner spent $194.49 for "Drugs", without identifying the person or persons to whom this item related. In the exercise of our best judgment we have allocated one-third of that amount ($64.83) to Cynthia, thereby producing a total figure of $332.81 in respect of Cynthia's medical and dental expenses incurred by petitioner. 3. The parties have stipulated that petitioner spent $46.00 in respect of "Education" for Cynthia, and also that she expended $25.47 for "School Supplies", without indicating whether the latter expenditure related to Cynthia or Maria. Although the matter is not free from doubt, we have allocated $12.73 of this amount to Cynthia, thereby producing a total figure of $58.73 in respect of Cynthia's education.↩
4. Section 152(e)(2) provides: SEC. 152. DEPENDENT DEFINED. * * *
(e) Support Test in Case of Child of Divorced Parents, etc.-- * * *
(2) Special Rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For the purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.↩
5. We are unable on the basis of the stipulated facts to allocate any of petitioner's additional expenditures of $1,108.14, see page 7, supra,↩ to Cynthia's support.