FILOMENA F. CARITO, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5360–68.   Filed August 13, 1970.

*M. M. Cahen*, for the petitioner.
*A. Mills McCawley*, for the respondent.

OPINION

Section 151 of the Internal Revenue Code of 1954 [1] provides for the deduction of an exemption of $600 for a dependent of the taxpayer whose income or the calendar year in which the taxable years of the taxpayer begins is less than $600. Section 152 of the Code [2] provides

---

[1] Sec. 151 of the Code provides in part as follows :
SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS.
    (a) ALLOWANCE OF DEDUCTIONS.—In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income.

    \*       \*       \*       \*       \*       \*       \*

    (e) ADDITIONAL EXEMPTION FOR DEPENDENTS.—
       (1) IN GENERAL.—An exemption of $600 for each dependent (as defined in section 152)—
          (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600 \* \* \*
[2] Sec. 152 of the Code provides in part as follows :
SEC. 152. DEPENDENT DEFINED.
    (a) GENERAL DEFINITION.—For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer) :

    \*       \*       \*       \*       \*       \*       \*

    (4) The father or mother of the taxpayer, or an ancestor of either \* \* \*

that the term "dependent" includes the mother of the taxpayer if over half of her support for such taxable year is received from the taxpayer.

The petitioner contends that, although she reported in her return that her mother had gross income of $600, she was in error in so doing, since one of the monthly pension checks was in the amount of $42 instead of the usual $50, and that in reality her mother had gross income for the taxable year 1965 of only $592. We think it clear, however, that since the petitioner's mother was entitled to a pension of $600 for the year, the full $600 must be considered as gross income to her. It appears that she authorized the withholding of $8 from the January 1965 check to satisfy a death benefit assessment. This, however, did not prevent the full amount of the pension for the month of January from constituting gross income to her. In substance, the result was the same as if she had actually received the full amount of $50 and had then paid $8 thereof to meet such assessment. In addition, the evidence indicates that the petitioner's mother derived interest income during the year 1965.[3] Since the mother did not have gross income of less than $600, the petitioner is not entitled to a deduction for a dependency exemption on her account.

Section 1(b) (2) of the Code [4] defines a head of household as an individual who maintains as his home a household which constitutes for the taxable year the principal place of abode, as a member of such household, of any person who is a dependent of the taxpayer (which would include the mother of a taxpayer), but only if the taxpayer is entitled to a deduction for the taxable year for such person under section 151. Since, as we have held above, the petitioner is not entitled to a deduction for her mother under section 151, she does not qualify as

---

[3] The amount of the mother's interest income for the year 1965 cannot be determined precisely from the record. The petitioner testified that she reported the interest from the Dollar Savings Bank account in her own return for the taxable year 1965; and such return states the amount of such interest to be $24.89. She also testified that interest in the amount of $12.14 was credited to such account in 1965. It is therefore unclear whether the amount of $12.14 represents the total interest credited to such account during 1965 or only a portion of such total interest which was considered by petitioner as being attributable to her mother. Generally, the amount of interest credited on bank deposits is income to the depositor for the taxable year when credited unless such interest is not subject to withdrawal at the time credited. See sec. 1.451–2(b), Income Tax Regs. Here, there is no evidence to show that there were any restrictions on the withdrawal of the interest credited.

[4] Sec. 1(b)(2) of the Code provides as follows:

(2) DEFINITION OF HEAD OF HOUSEHOLD.—For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in section 2(b)), and either—

(A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of—

\* \* \* \* \* \*

(ii) any \* \* \* person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151 \* \* \*

a head of household under section 1(b) (2) of the Code and is therefore not entitled to the special tax rate provided by section 1(b) (1) of the Code for heads of households.

*Decision will be entered for the respondent.*