*Decision will be entered under Rule 50.*

FRED L. AND MAGDALENE E. BUNN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2697–70SC.     Filed November 9, 1970.

Fred L. Bunn, pro se.

*Gary R. DeFrang,* for the respondent.

DAWSON, *Judge:* Respondent determined a deficiency of $283.59 in petitioners' Federal income tax for the year 1968.

Petitioners have conceded two adjustments. There is only one issue presented for decision: Are petitioners entitled to claim dependency exemption deductions for two grandsons who were college students in that year, each having a gross income in excess of $600?

FINDINGS OF FACT

Most of the facts have been stipulated by the parties. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

Fred L. Bunn and Magdalene E. Bunn (herein called petitioners) are husband and wife who resided in Sheridan, Oreg., at the time they filed their petition in this proceeding. They filed their joint Federal income tax return for the year 1968 with the district director of internal revenue at Portland, Oreg.

Stanley Bunn and Bennie Bunn are grandchildren of the petitioners. Both Stanley and Bennie were college students during 1968, and each of them had gross income (exclusive of scholarships) in excess of $600 in that year.

In 1968 the petitioners provided $1,000 toward Stanley's total support, and $1,100 toward Bennie's total support. The petitioners provided over half of the total support of Stanley and Bennie, excluding scholarships, in 1968.

During the period from February 1, 1968, through June 15, 1968, Stanley was a full-time student at Maryland University. While attending Maryland University, Stanley resided in an apartment in Washington, D.C. During the period from September 15, 1968, through December 31, 1968, Stanley was a full-time student at Willamette University in Salem, Oreg. While attending Willamette University, he resided in the housing facilities furnished by Willamette University. During vacations from college and other periods when he was not attending college, Stanley resided at the home of his parents.

During the period from January 1, 1968, through December 31, 1968, Bennie was a full-time student at Northwest Nazarene College in Nampa, Idaho. During this period, he resided in the housing facilities furnished by Northwest Nazarene College. During vacations from college, Bennie resided at the home of his parents.

The instruction booklet which petitioners received from the Internal Revenue Service with their blank 1968 individual Federal income tax return contained the following passages:

Line 3—Children, Other Dependents

Enter on line 3a the first names and the total number of your dependent children who lived with you during 1968.

Enter on line 3b the total number of dependents from page 2, Part 1, line 3 of your return.

Each child, stepchild and other dependent claimed must meet all of the following tests:

1. Income.—Received less than $600 income (if the child was under 19 or was a student, this limitation does not apply.)

2. Support.—Received more than half of his or her support from you (or from husband or wife if a joint return is filed). (See definition of support on this page.)

3. Married Dependents.—Did not file a joint return with her husband (or his wife).

4. Nationality.—Was either a citizen or resident of the United States or a resident of Canada, Mexico, the Republic of Panama or the Canal Zone; or was an alien child adopted by and living with a United States citizen abroad.

5. Relationship.—EITHER (a) for your entire taxable year had your home as his principal abode and was a member of your household; OR (b) was related to you (or to husband or wife if a joint return is filed) in one of the following ways:

| | |
|---|---|
| Child* | Mother-in-law |
| Stepchild | Father-in-law |
| Mother | Brother-in-law |
| Father | Sister-in-law |
| Grandparent | Son-in-law |
| Brother | Daughter-in-law |
| Sister | The following if |
| Grandchild | related by blood: |
| Stepbrother | Uncle |
| Stepsister | Aunt |
| Stepmother | Nephew |
| Stepfather | Niece |

*Includes a child who is a member of your household if placed with you by an authorized placement agency for legal adoption.

On their Federal income tax return for 1968 petitioners claimed exemptions for Stanley and Bennie as dependents. In his notice of deficiency dated April 22, 1970, respondent disallowed the claimed dependency exemptions.

### OPINION

At issue are claimed dependency exemption deductions for petitioners' two grandsons. During 1968 the grandsons were college students who each realized more than $600 in gross income (exclusive of scholarships). Respondent contends, and we think correctly, that under section 151(e)(1)(B), I.R.C. 1954,[1] only a person "who

---

[1] SEC. 151(e). ADDITION EXEMPTION FOR DEPENDENTS.—

(1) IN GENERAL.—An exemption of $600 for each dependent (as defined in section 152)—

(A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or

(B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student.

(2) EXEMPTION DENIED IN CASE OF CERTAIN MARRIED DEPENDENTS.—No exemption shall

Footnote continued on following page.

is a child of the taxpayer" and also a student may realize more than $600 in gross income and still qualify as a dependent. Section 151(e) (3) defines a child as "a son, stepson, daughter, or stepdaughter of the taxpayer."

Apparently petitioners do not dispute the fact that the statute denies them dependency exemption deductions for their grandsons. They contend, however, that they are entitled to rely upon the instruction booklet which accompanied their income tax return form. They point to the following language contained in the booklet:

Each child, stepchild and other dependent claimed must meet all of the following tests:
1. Income.—Received less than $600 income. (If the child was under 19 or was a student, this limitation does not apply.)

Without reaching the question of whether petitioners might estop the Commissioner from contradicting the instruction booklet, we think the language contained in the booklet does not support petitioners' position. The booklet states that "If the *child* was * * * a student, this limitation does not apply." (Emphasis supplied.) Even in common usage a child is distinguished from a grandchild. We can agree with the petitioners that the phrasing of the instructions draws attention to the "student" requirement rather than to the "child" requirement. But the error is one of possible ambiguity rather than misinformation. Hence, we find no conflict between the statute and the instructions.

We realize that the petitioners genuinely believe that they were misled by the instructional material and we do not question the sincerity of their belief. Their generosity in providing money for the college education of their grandsons is indeed commendable. But we must apply the provisions of the tax statute as enacted by Congress, and it is clear that this statute denies them to claim dependency exemptions under these circumstances. Accordingly,

*Decision will be entered for the respondent.*

be allowed under this subsection for any dependent who has made a joint return with his spouse under section 6013 for the taxable year beginning in the calendar year in which the taxable year of the taxpayer begins.

(3) CHILD DEFINED.—For purposes of paragraph (1)(B), the term "child" means an individual who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the taxpayer.

(4) STUDENT AND EDUCATIONAL INSTITUTION DEFINED.—For purposes of paragraph (1)(B)(ii), the term "student" means an individual who during each of 5 calendar months during the calendar year in which the taxable year of the taxpayer begins—

(A) is a full-time student at an educational institution; or

(B) is pursuing a full-time course of institutional on-farm training under the supervision of an accredited agent of an educational institution or of a State or political subdivision of a State.

For purposes of this paragraph, the term "educational institution" means only an educational institution which normally maintains a regular faculty and curriculum and normally has a regularly organized body of students in attendance at the place where its educational activities are carried on.