Joseph K. Bishop and Helen M. Bishop v. Commissioner.
Bishop v. Commissioner
Docket No. 3515-70 SC
United States Tax Court
T.C. Memo 1971-62; 1971 Tax Ct. Memo LEXIS 271; 30 T.C.M. (CCH) 265; T.C.M. (RIA) 71062; March 30, 1971, Filed. Joseph K. Bishop, pro se, 24029 W. Avenida Crescenta, Valencia, Calif. Melvern Stein, for the respondent. JOHNSTON Memorandum Findings of Fact and Opinion JOHNSTON, Commissioner: The respondent determined a deficiency in petitioners' Federal income tax for 1968 in the amount of $141.92. The issue for decision is whether petitioners are entitled to a dependency exemption for Sharon Tibbetts, a niece of Joseph K. Bishop. Some of the facts have been stipulated and they are so found. Petitioners resided at Valencia, California when they filed their petition in this case. During the taxable year the petitioners resided in Phoenix, Arizona with their three children and Mr. Bishop's mother and two nieces. The elder of the nieces, Sharon Tibbetts, was under 19 and a full time high school student during 1968. Sometime in June *272 or July, Sharon obtained a job as waitress in a doughnut and coffee shop where she remained employed through the balance of the year. Mr. Bishop asked Sharon to keep a record of her earnings because he was uncertain whether he could claim a dependency exemption for her if they exceeded $600 and he asked her to let him know when they approached that amount. About October or November, Sharon informed Mr. Bishop that her earnings had reached somewhere between $550 and $575. Mr. Bishop thereupon called the Office of the District Director of Internal Revenue at Phoenix and was referred to "Taxpayer Assistance". Mr. Bishop explained the situation and asked whether under the circumstances he would lose his claim to a dependency exemption for Sharon if her earnings reached or exceeded $600 for the taxable year. Sharon, who was born on May 11, 1951, was the daughter of Mr. Bishop's sister and resided in petitioner's household during the taxable year. She was not and is not an adopted child of the taxpayers'. Petitioner provided the major part of Sharon's support during the taxable year. The Internal Revenue Service employee after ascertaining the above facts informed Mr. Bishop that he would *273 be entitled to a dependency exemption for Sharon even if her earnings for the taxable year 1968 reached or exceeded $600. In reliance upon the statement received from the "Taxpayer Assistance", Mr. Bishop refrained from requiring Sharon to quit her job. Sharon's gross income for the taxable year 1968 was in excess of $700 but less than $800. Petitioners contend that they are entitled to the dependency exemption for Sharon because any child who meets all the tests for the dependency exemption except the limitation on gross income qualifies. In support of this contention, they cite the instruction booklet issued by the Internal Revenue Service for 1968. This argument was decided adversely to the taxpayer in Fred L. Bunn, 55 T.C. 271 (1970). In view of the decision in Bunn we find petitioners' reliance on the instruction booklet misplaced. Petitioners further argue that respondent is equitably estopped from denying them a dependency exemption for Sharon because they relied on the oral assurance of the respondent's employee that they would not lose the exemption if her gross income reached or exceeded $600. We believe that 266 the petitioner did receive such advice. *274 However, the advice given was a mistaken application of the law. The Supreme Court has held that the doctrine of equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law. Automobile Club of Michigan v. Commissioner, 353 U.S. 180 (1957). See also Schuster v. Commissioner, 312 F. 2d 311 (C.A. 9, 1962). Under section 151(e)(1)(B) Internal Revenue Code of 1954, only a person "who is a child of the taxpayer" and also a "student" may receive more than $600 in gross income and still qualify as a dependent as defined in section 152. Section 151(e)(3) defines a "child" as a "son, stepson, daughter, or stepdaughter of the taxpayer". Since Sharon is not a "child" of the petitioners and received a gross income in 1968 in excess of $600, she does not qualify as a "dependent" of petitioners under the provisions of the statute. Accordingly, we hold that respondent properly disallowed the claimed dependency exemption for Sharon. Fred L. Bunn, supra. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50.