GEORGE DANIEL POZGAR AND NINA M. POZGAR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pozgar v. Commissioner
Docket No. 12613-78.
United States Tax Court
T.C. Memo 1980-451; 1980 Tax Ct. Memo LEXIS 137; 41 T.C.M. (CCH) 149; T.C.M. (RIA) 80451; October 7, 1980, Filed George Daniel Pozgar and Nina M. Pozgar, pro se. Adeline Malone, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial *138 Judge John J. Pajak pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts the Special Trial Judge's opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1976 in the amount of $292.50. The issue for decision is whether petitioners are entitled to a dependency exemption under section 151(e) for a dependent sister in a year in which the sister earned more than $750. FINDINGS OF FACT Some of the facts in this case were stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. *139 Petitioners' legal address at the time they filed their petition in this case was 597 Elwood Road, East Northport, New York 11731. During the first five months of 1976, Lisa Santucci (Lisa), then aged 21, lived with her parents in Westfield, Massachusetts. In May 1976, Lisa moved to the petitiners' residence and resided with petitioners for the remainder of the taxable year. Lisa was a full-time graduate student at C.W. Post College, during the period in 1976 that she resided with petitioners. During 1976, Lisa earned gross income of $2,726.67. The parents of Lisa did not claim her as a dependent on their 1976 United States income tax return. Petitioners claimed her as a dependent on their 1976 United States income tax return. Respondent disallowed this dependency exemption. OPINION As the Court advised petitioners at trial, the terms which control the determination of this case come not from the Internal Revenue Service but from Congress itself. Thus, petitioners are faced with the application of section 151(e) which allows an additional exemption for a dependent but only if specific conditions are met. Section 151(e) provides in pertinent part that: (1) In General. *140 --An exemption of $750 for each dependent (as defined in section 152)-- (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $750, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. (3) Child Defined.--For purposes of paragraph (1)(B), the term "child" means an individual who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the taxpayer. Respondent concedes that in 1976 Lisa was a dependent of her sister, petitioner Nina M. Pozgar, under section 152. Respondent's position is that since Lisa earned more than $750 and is a sister, as the parties stipulated, the petitioners are not entitled to the dependency exemption claimed on their 1976 return. We agree with respondent since that is precisely what Congress provided in section 151. A dependent (other than a child of the taxpayer who is under 19 or a student) must satisfy the gross income test set forth in section 151. That legal restriction is explicit and has been strictly enforced by the courts. *141 Bunn v. Commissioner,55 T.C. 271 (1970); Carito v. Commissioner,54 T.C. 1614 (1970); Scarangella v. Commissioner,418 F.2d 228 (3d Cir. 1969), affirming a Memorandum Opinion of this Court. See also, DeVere v. Commissioner,T.C. Memo. 1976-10; Emanuelson v. Commissioner,T.C. Memo. 1976-9; Macdonald v. Commissioner,T.C. Memo. 1976-80. As the foregoing cases demonstrate, petitioners must satisfy both the support test and the gross income test in order to claim a dependency exemption. Here petitioners simply cannot meet the gross income test since Lisa admittedly had gross income in excess of $750. Petitioners claim there are constitutional questions in this case because section 151 accords more favorable treatment to taxpayers with dependent children than it does to taxpayers with other dependents.A parent is allowed an exemption for a child without regard to the gross income test if the child is under 19 or is a full-time student. In response to the same argument the Third Circuit stated: "that this classification, as in the case of classification of exemptions by age, family *142 relationship, student status or marital status, is not unreasonable." Scarangella v. Commissioner,supra at 229. We agree. We find petitioners' contentions to be without merit. Congress has not acted in an arbitrary or capricious manner in limiting the benefits of section 151(e)(1)(B) to parents. In considering a similar contention in Labay v. Commissioner,55 T.C. 6, 14 (1970), affd. per curiam 450 F.2d 280 (5th Cir. 1971), we stated: Deductions, including dependency exemptions, are allowed as a matter of legislative grace. New Colonial Co. v. Helvering,292 U.S. 435 (1934). Congress has the power to condition, limit, or deny deductions in arriving at the net income it chooses to tax. Helvering v. Ind. Life Ins. Co.,292 U.S. 371 (1934). While the due process clause of the 5th amendment is applicable to Federal statutes, Heiner v. Donnan,285 U.S. 312 (1932), Congress is given great leeway, and a Federal taxing provision is not violative of the due process clause of the 5th amendment unless it classifies taxpayers in such a manner as to be arbitrary and capricious. Sections *143 151 and 152 provide reasoable classifications for dependency exemption deductions. The 14th amendment does not apply to Federal tax statutes. See also, Hamilton v. Commissioner,68 T.C. 603 (1977); Cole v. Commissioner,T.C. Memo. 1975-144; Graff v. Commissioner,T.C. Memo. 1973-110. We cannot help but admire petitioners for supporting Lisa during her time of need. However, Congress has precluded us from allowing them a dependency exemption. Petitioners also request "that the penalty and interest in this case be removed". The Court first observes that no penalty was imposed in the notice of deficiency. Second, interest will be imposed under section 6601; it was not determined as a part of the deficiency. The Tax Court's jurisdiction is to redetermine deficiencies. It is well-established law that the Tax Court has no jurisdiction over matters concerning the interest on deficiencies. Chapman v. Commissioner,14 T.C. 943, 946-947 (1950), affd. per curiam, 191 F.2d 816 (9th Cir. 1951), cert. denied 343 U.S. 905 (1952); Standard Oil Company v. McMahon,244 F.2d 11 (2d Cir. 1957); *144 see Ostriker v. Commissioner,T.C. Memo. 1975-108. We cannot give petitioners the relief they request. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the taxable year, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.