JAMES LEONARD PENNY and ELAINE LINDA PENNY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Penny v. Commissioner
Docket No. 11667-82.
United States Tax Court
T.C. Memo 1985-590; 1985 Tax Ct. Memo LEXIS 39; 51 T.C.M. (CCH) 42; T.C.M. (RIA) 85590; December 5, 1985. *39 Held, Ps are not entitled to claim a dependency exemption for a child from a previous marriage for 1978 or 1979. James Leonard Penny, pro se. Marikay Lee-Martinez, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined deficiencies of $270 and $287 in petitioners' 1978 and 1979 Federal income tax, respectively. The sole issue for decision is whether petitioners are entitled to claim a dependency exemption pursuant to section 151(e)[1] for a child from a previous marriage for 1978 and 1979. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Phoenix, Arizona, at the time of filing the petition herein. Petitioner Elaine Linda Penny is a petitioner in this case solely by reason of having filed joint returns with James Leonard Penny for the years in issue. Hereinafter, the term petitioner will refer to James Leonard Penny. Petitioner was *40 married to Pamela Jo Penny (Pamela) on September 25, 1970. JoAnne Marie Penny (JoAnne) was the only child born of this marriage. Subsequently, petitioner and Pamela were divorced. Petitioner and Pamela entered into a Property Settlement Agreement pursuant to their divorce dated January 8, 1974, in which custody of JoAnne was given to Pamela. However, at all times subsequent to the divorce JoAnne resided with the maternal grandparents G.W. and Gracie Canfield (Canfields). By court order dated July 23, 1976, petitioner was given legal custody of JoAnne. The court at the same time joined the Canfields as interested parties. For unexplained reasons, actual physical custody never changed as contemplated by the July 23, 1976, order. Rather, on December 29, 1976, the court issued a new order vesting legal custody in the Canfields. JoAnne attained age 7 in 1978.Legal custody of JoAnne was vested with the Canfields and she lived with them during 1978 and 1979, the years at issue. In 1978 petitioner paid $1,256 in child support, $6 of which constituted yearly court administration fees. In 1979 petitioner paid $1,512 in child support, $120 of which constituted arrearages and $12 of which *41 constituted yearly court administration fees. Pursuant to the separation agreement between petitioner and Pamela, petitioner was granted entitlement to the dependency exemption so long as the child support payments of $115 per month were made. The Canfields provided $3,493 in 1978 and $3,685 in 1979 toward JoAnne's support. Pamela provided $10 in 1978 and nothing in 1979 toward JoAnne's support. During 1978 JoAnne visited her father on two separate occasions, only one of which was outside of the Canfield's home. Likewise, in 1979 JoAnne visited her father on two occasions, one of which may have been outside the Canfield's home. Petitioners claimed a dependency exemption for JoAnne on their 1978 and 1979 tax returns. Petitioners did not attach to their 1978 and 1979 Federal income tax Forms 1040 and declarations from other parties stating that those parties would not claim JoAnne as an exemption on their Federal income taxes. Nor did the Canfields ever enter into an agreement with petitioner to provide multiple support for JoAnne. OPINION On their 1978 and 1979 Federal income tax returns, petitioners claimed a dependency exemption for petitioner's daughter, JoAnne. JoAnne was *42 the sole child born of the marriage between petitioner and Pamela Jo Penny.At all times subsequent to the divorce, JoAnne lived with her maternal grandparents G.W. and Gracie Canfield. In addition, the Canfields were granted legal custody of JoAnne by court order dated December 29, 1976, and said custody was vested with the Canfields during the years in issue. Petitioner contends that he is entitled to the dependency exemption by virtue of his separation agreement with Pamela, which grants him the exemption entitlement, and section 152(e). [2] *43 *44 *45 Conversely, respondent contends that section 152(e) is inapplicable to situations, such as petitioner's, where the dependent child lives with neither divorced parent. Moreover, respondent argues that the general support test of section 152(a)[3] *46 controls and has not been met by petitioner. For the reasons that follow, we agree with respondent. Section 152(e) provides a special support test for determining who is entitled to claim an exemption for a child in the context of divorced parents. If a child receives more than one-half of his support during the calendar year from his divorced parents, and the child is in the custody of one or both of his parents for more than one-half of the calendar year, the custodial parent having custody for the greater portion of the year is generally treated as having provided more than one-half of the child support. Section 152(e)(1). However, the child of parents described in section 152(e)(1) will be treated as having received more than one-half of his support from the noncustodial parent if (1) the divorce decree or a written agreement between the parents *47 provides that the noncustodial parent is entitled to claim the exemption for such child and the noncustodial parent provides at least $600 for the support of such child during the calendar year, section 152(e)(2)(A); or (2) the noncustodial parent contributed at least $1,200 for the support of such child and the custodial parent cannot establish that he provided more for the support of such child during the calendar year than the noncustodial parent, section 152(e)(2)(B). Thus, application of section 152(e) in situations such as petitioner's, where the noncustodial parent is granted the dependency exemption for his child by a divorce decree, is predicated upon the divorced noncustodial parent's meeting both of the following two tests: (1) the child must receive over one-half of his or her support from the child's parents; and (2) the child is in the custody of one or both of his parents for more than one-half of the calendar year. The first requirement is met in this case by virtue of petitioner's having been granted entitlement to the dependency exemption in the separation agreement and paying more than $600 of JoAnne's support in each of the years before the Court. Section 152(e)(2)(A)(i). *48 However, the second requirement has not been met since JoAnne was not a child of parents described in section 152(e)(1). That is to say, JoAnne was not in the custody of one or both of her parents for more than one-half of the calendar year. Section 152(e)(1)(B). Consequently, JoAnne was not petitioner's dependent as such term is defined in section 152(e). Petitioner argues that since the grandparents were joined as interested parties in the custody action and are referred to by the Arizona Superior Court Commissioner as JoAnne's "psychological parents", they should be considered parents for purposes of section 152(e). We disagree. We have previously determined that the term "child" as used in section 151 does not include a grandchild. Bunn v. Commissioner,55 T.C. 271, 273-274 (1970). "Even in common usage a child is distinguished from a grandchild." 55 T.C. at 274. Equally axiomatic is the distinction between a parent and a grandparent. The term parent as used in section 152(e) does not include a grandparent. To conclude otherwise would be tantamount to judicial alteration of the statute as enacted by Congress. Since JoAnne did not live with one or both of her parents for more *49 than one-half of either calendar year at issue, section 152(e) is not applicable. Petitioner has likewise failed to satisfy the general support test of section 152(a). A taxpayer's child constitutes a "dependent" if the child receives more than one-half of his support from the taxpayer for the calendar year in which the taxable year of the taxpayer begins. Section 152(a)(1). Petitioner bears the burden of proving the source and amount of support. Rule 142(a). Petitioner has proven that he made periodic support payments of $1,250 and $1,500 in 1978 and 1979, respectively. [4] *50 Petitioner also testified to additional amounts expended by him for the support of JoAnne. Specifically, petitioner claims to have expended $175 for JoAnne's clothing, $300 for travel and recreation and $200 for gifts, games and toys in 1978. For 1979, petitioner claims to have expended $200 for clothing, $50 for medical-dental treatment, $600 for travel and recreation, $26 for church, $260 for tennis lessons and $300 for gifts, toys and presents. Additionally, petitioner included $500 as JoAnne's share of household expenses in computing the total amount of his support. Initially, we note that certain items claimed by petitioner such as mileage expenses incurred while exercising his visitation rights and JoAnne's portion of the rental value of his house used by JoAnne during her visits do not constitute allowable child support. Hopkins v. Commissioner,55 T.C. 538, 541-542 (1970); Vance v. Commissioner,36 T.C. 547, 550 (1961). With respect to the otherwise allowable items claimed by petitioner, the only evidence supporting petitioner's estimated expenditures is his own uncorroborated testimony. In the absence of corroborating evidence, we find petitioner's testimony insufficient to meet his burden of proof that these expenditures were actually made. We therefore find that petitioner's contribution toward the support of JoAnne did not exceed the amounts paid and verified as child support payments. The $1,250 and $1,500 paid by petitioner in 1978 and 1979, respectively, falls far short of the amount necessary to entitle him to a diependency exemption for JoAnne. As noted in our findings *51 of fact, Gracie Canfield contributed $3,493 and $3,685 in 1978 and 1979, respectively, toward JoAnne's support. We found her testimony pertaining to support expenditures and JoAnne's visits with petitioner to be credible and supported by detailed contemporaneous records. Moreover, the fact that Mrs. Canfield kept detailed contemporaneous records because of the ongoing custody proceedings lends additional credence to her testimony. Accordingly, we conclude that petitioner did not contribute more than one-half of JoAnne's support in either 1978 or 1979 as required by section 152(a). Therefore, petitioner is not entitled to the claimed dependency exemption on the basis of section 152(a). We note that even were we to accept petitioner's support expenditures as claimed, $1,931 in 1978 and $3,316 in 1979, he still would have failed the section 152(a) support test. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 in effect for the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 423(a), Pub. L. 98-369, 98 Stat. 799, amended section 152(e) in certain respects applicable to tax years beginning after December 31, 1984. For the years at issue, section 152(e) provides: (e) SUPPORT TEST IN CASE OF CHILD OF DIVORCED PARENTS, ET CETERA.-- (1) GENERAL RULE.--If-- (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) SPECIAL RULE.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for each of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support. (3) ITEMIZED STATEMENT REQUIRED.--If a taxpayer claims that paragraph (2)(B) applies with respect to a child for a calendar year and the other parent claims that paragraph (2)(B)(i) is not satisfied or claims to have provided more for the support of such child during such calendar year than the taxpayer, each parent shall be entitled to receive, under regulations to be prescribed by the Secretary, an itemized statement of the expenditures upon which the other parent's claim of support is based. (4) EXCEPTION FOR MULTIPLE-SUPPORT AGREEMENT.--The provisions of this subsection shall not apply in any case where over half of the support of the child is treated as having been received from a taxpayer under the provisions of subsection (c). (5) REGULATIONS.--The Secretary shall prescribed such regulations as may be necessary to carry out the purposes of this subsection. ↩
3. Section 152(a) provides: (a) GENERAL DEFINITION.--For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayers, or a descendant of either, (2) A stepson or stepdaughter of the taxpayer, (3) A brother, sister, stepbrother, or stepsister of the taxpayer, (4) The father or mother of the taxpayer, or an ancester of either, (5) A stepfather or stepmother of the taxpayer, (6) A son or daughter of a brother or sister of the taxpayer, (7) A brother or sister of the father or mother of the taxpayer, (8) A son-in-law, daughter-in-law, father-in-law, mother-in-law, brother-in-law, or sister-in-law of the taxpayer, or (9) An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to section 143, of the taxpayer) who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household.↩
4. We have deducted the $6 paid in 1978 and $12 paid in 1979 for yearly service fees since they are not properly includable as items of child support. Accord, Hopkins v. Commissioner,55 T.C. 538↩ (1970).