LONG DUY NGUYEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nguyen v. Commissioner
Docket No. 4911-88.
United States Tax Court
T.C. Memo 1988-539; 1988 Tax Ct. Memo LEXIS 568; 56 T.C.M. (CCH) 717; T.C.M. (RIA) 88539; November 29, 1988. Long Duy Nguyen, pro se. Donna Palmer, for the respondent. BUCKLEY
MEMORANDUM *569 FINDINGS OF FACT AND OPINION BUCKLEY, Special Trial Judge: This case was heard pursuant to the provisions of section 7443(A) of the Internal Revenue Code and Rules 180 and 181. [1]
Respondent determined a deficiency in petitioner's 1983 Federal income tax in the amount of $ 343. Respondent determined that petitioner was not entitled to file his return based on head of household status, and that he was not entitled to dependency exemptions for two siblings. Some of the facts were stipulated and they are incorporated herein by reference. Petitioner resided at Houston, Texas, when he filed his petition herein. Petitioner worked in grocery stores during 1983. His gross wages for the year were $ 12,620. On his return he claimed dependency exemptions for his brother, Hai, and his sister, Cam Ha. Petitioner provided more than half of the support of Hai and Cam Ha. Both Hai and Cam Ha were full-time high school students, each of whom earned *570 more than $ 1,000 during the year. In addition, petitioner claimed his brother Khanh, and three nieces, Christine, Patricia and Beverly. Respondent disallowed the dependency exemptions for only Hai and Cam Ha. The combined wages of all members of the Nguyen household in 1983 was $ 31,487. The estimated monthly cost of running the household to which petitioner committed essentially all his disposable income was $ 1,930. Included within this amount is the sum of $ 1,180 paid on a mortgage and for tax and insurance, which amount was paid by petitioner's brother and father. We first consider petitioner's contention that he was entitled to file under head of household status. Section 2(b)(1) of the Code defines an unmarried individual as the head of a household where that person -- (A) maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of -- * * * (ii) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or * * * For purposes of this paragraph, an individual shall *571 be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual. Petitioner meets the requirement that the household is the principal place of abode, as a member of the household, of dependents of his. He must, also, however, meet the requirement that he provide over half the cost of maintaining the household during the taxable year. Petitioner fails, under the stipulated facts, to meet this threshold requirement. Petitioner's brother and father provided $ 1,180 per month for household costs, a figure well in excess of half the total household costs of $ 1,930. Thus, petitioner could not have provided more than half of such costs, a necessity if he is to be entitled to head of household status. We further note that petitioner received gross wages of $ 12,620 in 1983, and after deduction of $ 845 for social security taxes and $ 1,794 withheld for Federal income taxes, he had at the most remaining disposable income of $ 9,980 for the year, or $ 832 a month. Since the most petitioner might have contributed to the household was $ 832 a month, and others contributed $ 1,180, petitioner *572 could not have furnished over half the household support. Respondent, accordingly, was correct in determining he was not entitled to head of household filing status. We now consider petitioner's dependency exemption claim for his brother and sister, each of whom earned more than $ 1,000 during the year. Section 152 of the Code provides as follows: (a) General Definition. -- For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * * * * * (3) A brother, sister, stepbrother, or stepsister of the taxpayer. Thus, Hai and Cam Ha fall within the basic definition of dependent. However, in order for the dependency exemption to be allowable, section 151(e) of the Code, allows such a deduction only for dependents who earned less than $ 1,000 during 1983. Hai and Cam Ha both earned more than $ 1,000 that year, and thus, as to them, petitioner is not allowed dependency exemptions. Petitioner points out that both Cam Ha and Hai were under 19 and full-time students in 1983, and argues that the fact that they each *573 made over $ 1,000 is irrelevant. However, the gross income standard becomes irrelevant, under the Code, only for children of the taxpayer. We noted in Bunn v. Commissioner,55 T.C. 271 (1970), in denying the exemption to grandparents for their grandsons, that only a person who is the child of the taxpayer and also a student may exceed the gross income standards and still qualify as a dependent. Congress has chosen to allow the dependency exemption under these circumstances only to the parents of such dependents, and we are obliged to follow the clear dictates of Congress in this regard. As we stated in Hamilton v. Commissioner,68 T.C. 603, 608 (1977): Congress is given considerable leeway to make distinctions among taxpayers as long as such distinctions are not arbitrary or capricious. The fact that another reasonable classification or even a more reasonable classification exists does not render violative of due process the classification Congress has chosen. * * * Since Cam Ha and Hai are siblings to petitioner, and not his children, he is not entitled to the dependency exemptions as to them. Decision will be entered for *574 the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided. ↩