RALEIGH HAMILTON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9574–75.  Filed July 26, 1977.

Raleigh Hamilton, pro se.
*Wayne M. Bach,* for the respondent.

### OPINION

IRWIN, *Judge:* Respondent determined deficiencies in petitioner's Federal income tax for the calendar year 1973 in the amount of $992.06. Various concessions having been made by petitioner, the issue remaining for our decision is the constitutionality of those provisions of the Internal Revenue Code of 1954 which deny petitioner an exemption for his former wife in the year of divorce. More specifically, at issue is the constitutionality of sections 151(b),[1] 152(a), and 153 as

---

[1] All statutory references are to the Internal Revenue Code of 1954 as in effect for the years in issue.

they interrelate to deny petitioner an exemption for his former spouse.

All of the relevant facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference.

Petitioner Raleigh Hamilton resided in Louisville, Ky., at the time of filing his petition in the present case. While the record does not indicate the place where he filed his income tax return for 1973, he was also residing in Louisville at that time.

Petitioner was married prior to and during part of 1973. He obtained a divorce from his former wife on September 27 of that year. Petitioner's former wife had no gross income for the year in question and was not claimed as a dependent of another taxpayer. Petitioner claimed a dependency exemption for his former wife on his 1973 individual income tax return. Respondent disallowed the exemption. While the reason for respondent's adjustments in the notice of deficiency is not contained in the record, it appears that respondent disallowed the exemption on the grounds that petitioner did not qualify for either the exemption granted for spouses under section 151(b) or the exemption granted for dependents under section 151(e) (for a dependent as defined in section 152(a)(9)).

The issue which we must decide is whether petitioner is entitled to a dependency exemption for his former spouse in the year of divorce.

Petitioner admits that his former wife does not come within any of the express provisions of sections 151(b), 152(a)(9),[2] and 153(1).[3] He contends, however, that any statutory authority denying him an exemption for her violates the equal

---

[2] It is to be noted that sec. 151(e) is the operative section granting dependency exemptions. However, it is the definition of dependent in sec. 152(a)(9) with which petitioner takes issue.

[3] Sec. 153(1) stated:

For purposes of this part—

(1) The determination of whether an individual is married shall be made as of the close of his taxable year; except that if his spouse dies during his taxable year such determination shall be made as of the time of such death; * * *

This particular section was repealed by sec. 1901(b)(7)(A)(i) of Pub. L. 94-455 for taxable years beginning after Dec. 31, 1976. However, no substantive change in the law was made because the identical provision remains applicable through the operation of sec. 143.

protection and due process clauses of the Constitution in that it arbitrarily prohibits him from obtaining an exemption for his former spouse in the year of their divorce. He asserts that denying a dependency exemption to one who has provided over half of another's support during the year violates the equal protection and due process clauses of the Constitution.

Respondent does not deny that petitioner would have received a dependency exemption under section 152(a)(9) for his former spouse but for their married status in the taxable year in question.[4] However, he stands by the constitutionality of that portion of the section which denies "dependency" status for one to whom the taxpayer was married during the taxable year.

There is no doubt that the statutory provisions of the Code operate to deny the petitioner an exemption for his former spouse. Code section 151(b) allows a taxpayer an exemption for his or her spouse if, inter alia:

(1) A joint return was not filed by the taxpayer and his spouse;

(2) The spouse had no income for the calendar year in which the taxable year of the taxpayer begins; and

(3) The spouse was not claimed as a dependent of another. Although petitioner met the three explicit requirements of the provision set out above, he failed to meet the requirements implicit in the statute's use of the word "spouse." For purposes of section 151(b), the word "spouse" is assigned a specific meaning. That meaning is found in section 153(1) which states that "The determination of whether an individual is married shall be made as of the close of his taxable year." Since petitioner and his former wife were divorced as of yearend, she does not qualify as his spouse under section 151(b). Nor can petitioner receive a dependency exemption for his former wife under the "catch-all" provision of section

---

[4] We note that throughout the litigation the respondent did not dispute petitioner's allegation that he would have received the exemption under sec. 152(a)(9) but for his marriage to the claimed dependent during the taxable year in question. It is difficult to believe that petitioner's former wife had petitioner's home as her "principal place of abode" for all of the taxable year in which the divorce took place and was "a member of the taxpayer's household" for all of such taxable year. These are both requirements of sec. 152(a)(9).

152(a)(9)[5] because he falls afoul of the parenthetical exclusion in that statutory provision.[6]

To the extent petitioner's claim is based on the 14th Amendment of the Constitution we simply note that "The 14th amendment does not apply to Federal tax statutes." *Labay v. Commissioner,* 55 T.C. 6, 14 (1970), affd. per curiam 450 F.2d 280 (1971). Thus, the equal protection and due process clauses of the 14th Amendment do not operate as a limitation on the taxing power of the Federal Government.

The due process clause of the 5th Amendment does, however, constitute a limitation on the taxing power of the Federal Government. *Heiner v. Donnan,* 285 U.S. 312 (1932). It will operate to invalidate Federal taxing statutes if they classify taxpayers in an arbitrary and capricious manner. This Court has previously held, in the context of dependency exemptions for children of divorced parents, that sections 151 and 152 provide reasonable classifications. *Labay v. Commissioner, supra.* We do not think these same provisions are arbitrary and capricious where they deny a taxpayer an exemption for an individual merely because the taxpayer was married to that individual during a portion, but not all, of the taxable year.

Although the policy behind both section 151(b) and section 151(e) (and section 152) is the same,[7] each section effects that

---

[5] Sec. 152(a)(9) states:

For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *
* * *
(9) An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to section 153, of the taxpayer) who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household * * *

[6] It is interesting to note that this particular clause was added by sec. 4(a) of the Technical Amendments Act of 1958, Pub. L. 85–866, 72 Stat. 1607, effective for taxable years beginning after Dec. 31, 1953, and ending after Aug. 16, 1954. The purpose of the addition is revealed in the legislative history which states that without it taxpayers could conceivably believe that they were eligible for two exemptions for a spouse, one under sec. 151(b) and one under sec. 152(a)(9). It appears that it was not a specific purpose for the statute to deny a taxpayer a dependency exemption in a situation such as that in the instant case where the danger of a "double exemption" did not exist. However, Congress may have had other objectives in mind when it defined marital status more broadly for purposes of sec. 152(a)(9) than it had for purposes of sec. 151. See discussion at p. 607 *infra.*

[7] A basic statement of policy is contained in the legislative history of the Act of Oct.

policy with respect to a completely different group of persons. Sections 151(b), 151(c), and 151(d) emphasize the unit concept of marriage and grant the same exemptions for a taxpayer's spouse (subject to conditions not here relevant) as are granted to the taxpayer himself. There is no support requirement. On the other hand, sections 151(e) and 152 grant exemptions for a taxpayer's "dependents." One of the requirements for obtaining an exemption under these latter provisions is that the taxpayer provide over half of a dependent's support.

It is not clear why Congress included a support requirement in the case of dependents but not in the case of spouses. However, since 1913 the concept of support has been associated with dependents only.[8] Congress may well have believed that "support" in the context of a marital relationship was inimical to a reasonable and efficient administration of the taxing statutes. While at first glance a determination of support appears easily accomplished, as where there is a single wage earner, such a paternalistic view of the marital relationship misunderstands the "support" furnished by each of the marital partners. There are many forms of support supplied by one spouse to the other and many of them are incapable of accurate valuation. While problems of valuation may not have been the precise reason why Congress eliminated the support requirement in the context of a marital relationship, they do illustrate at least one sound reason why Congress would want to eliminate support as an element in granting an exemption for one's spouse.

Given its desire to eliminate support in the context of the marital relationship, Congress had any number of alternatives available to accomplish this purpose. It selected the statutory scheme embodied in sections 151, 152, and 153. Pertinent to the instant case this scheme does three things. First, it provides alternative exemptions for "spouses" and "dependents," with only the latter having a support requirement. Second, it defines spouses for purposes of the separate

---

3, 1913, where it is stated with respect to the addition of exemptions "on account of marriage" and "on account of minor children" who are "living with and dependent upon the parent" that "it is deemed equitable as recognizing the added obligations on account of marriage and children and salutary as emphasizing the family as the unit in our social structure." S. Rept. 80, to accompany H.R. 3321 (Pub. L. 16), 63d Cong., 1st Sess. 25 (1913).

[8] See n. 7 *supra*.

exemption for spouses as being married to the taxpayer on the last day of his taxable year. Third, and most importantly, it denies dependency status to *all* who were spouses of the taxpayer at any time during the taxable year, not just those who were married to the taxpayer on the last day of his taxable year (and thus qualify for the exemption for spouses). This broader definition of spouses was necessary to obviate the need for support determinations in the case of part-year marriages. That is, if the only spouses excluded from dependency status were those defined in section 153(1), situations could arise in the case of divorce where it would be necessary to determine support during that portion of the year the parties were married. Consistent with the apparent congressional desire to eliminate support in the context of the marital relationship, we think this is something Congress may reasonably have wanted to avoid.

Congress is given considerable leeway to make distinctions among taxpayers as long as such distinctions are not arbitrary or capricious. The fact that another reasonable classification or even a more reasonable classification exists does not render violative of due process the classification Congress has chosen. We cannot say, in light of Congress' apparent desire to eliminate support from consideration in the context of a marital relationship, that eliminating a taxpayer's former spouse from potential dependent status in the year of divorce was arbitrary or capricious. As was stated by the Supreme Court in *Fernandez v. Wiener,* 326 U.S. 340, 360 (1945):

Taxes must be laid by general rules. * * * Considerations of practical administrative convenience and cost in the administration of tax laws afford adequate grounds for imposing a tax on a well recognized and defined class * * *

Accordingly, the operation of sections 151(b), 152(a), and 153, as applied to petitioner's circumstances, do not violate the due process clause of the 5th Amendment.

*Decision will be entered under Rule 155.*