ODDIE SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 10646-77.
United States Tax Court
T.C. Memo 1979-349; 1979 Tax Ct. Memo LEXIS 181; 38 T.C.M. (CCH) 1368; T.C.M. (RIA) 79349; August 30, 1979, Filed Oddie Smith, pro se. Barry Bledsoe, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax for the calendar years 1975 and 1976 in the amounts of $917.12 and $899, respectively. The only issue for decision is whether petitioner is entitled to any of the five dependency exemptions which he claimed for his children. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. *182 Petitioner, who resided in Jackson, Mississippi at the time of the filing of the petition in this case, filed Federal income tax returns for the calendar years 1975 and 1976 with the Internal Revenue Service Center in Chamblee, Georgia. On each of his returns for the calendar years 1975 and 1976 petitioner claimed as dependency exemptions five children -- Tony, Odis, Robby, Michael and Jacqueline. During the year 1975, Tony lived with petitioner for one month and during 1976 lived with petitioner for approximately four months. The balance of the time Tony lived with his mother, Ms. Beal, in Los Angeles, California and the other four children lived with their mother in Los Angeles during the entire year. During each of the years 1975 and 1976, petitioner sent Ms. Beal a total of approximately $300 for the support of the five children, which he claimed on his returns as dependents. During the one month Tony spent with petitioner in 1975, petitioner spent approximately $150 on Tony's support. While Tony was with petitioner in 1976, he made long distance calls to California which cost a total of $82.17 in September, $79.12 in October and $77.73 in November. In 1976, Tony *183 was 17 years old. Because of mental problems he had, Tony was neither attending school nor working during either of the years 1975 and 1976. During the four months Tony was living with petitioner in 1976, petitioner bought him some clothes, gave him spending money and provided him with housing and food. The total amount expended by petitioner on Tony during these four months for these items was approximately $700. Petitioner has two children living in Jackson, Mississippi that were born to Gladys Sykes. Ms. Sykes, during 1975 and 1976, was employed in Jackson, Mississippi as a teacher. During each of the years 1975 and 1976, petitioner gave Ms. Sykes a total of approximately $600 toward the support of these two children. Respondent in his notice of deficiency disallowed for each of the years 1975 and 1976 the $3,750 claimed by petitioner for dependency exemptions for five children. OPINION Section 151(e), I.R.C. 1954, [1] as applicable to the years 1975 and 1976, provides for a deduction for dependency exemptions of $750 for each dependent of a taxpayer as defined in section 152 whose gross income for the year is less than $750. Section 152(a) defines a dependent to *184 include a son or daughter of the taxpayer over half of whose support for the calendar year was received from the taxpayer. Although the record is not completely clear in this respect, it does indicate that the five children of Ms. Beal were also petitioner's children and that none of them had any earned income during the years 1975 and 1976. Petitioner testified that, although he was not absolutely sure, it was his belief that the primary support of these children during 1975 and 1976 came from welfare payments received by Ms. Beal in California and that some of their support came from part-time work done by Ms. Beal. Petitioner in his testimony stated that he did not believe he contributed over one-half of the support of any of these five children in either 1975 or 1976. There is no showing in the record of the total cost of support of any of petitioner's five children living with Ms. Beal in California in either the year 1975 or 1976. There is no showing in the record of the total cost of support of the two children of petitioner who lived in Jackson, Mississippi *185 with Ms. Sykes during the years 1975 and 1976. Petitioner's argument is not that he contributed more than one-half of the support of any of his seven children during either of the years 1975 or 1976 but rather is that since he contributed as much as he was able to contribute from the amount he earned to the support of his children he should be allowed as a deduction a dependency exemption of $750 in each year for at least some of them. Petitioner's argument is based on what he views as equity to a father of children living with their mother when the father does the best he can to contribute towards the children's support. A deduction for dependency exemptions is allowable only in accordance with the statutory provisions for such allowance. Hamilton v. Commissioner, 68 T.C. 603 (1977). There is no provision for a deduction for a dependency exemption for the father of a child unless the father contributed over one-half of that child's support in the taxable year in which the dependency exemption is claimed. Rivers v. Commissioner, 33 T.C. 935 (1960). Where a taxpayer did not contribute over one-half of the support of any one of seven children, *186 this Court cannot allow him an exemption for any one or two of the children on the equitable basis that he had more children than he could support and contributed as much as he was able to contribute to the support of his children. Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418 (1943). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩