T.C. Memo. 1997-378

UNITED STATES TAX COURT

RICHARD G. AND PATRICIA A. COOK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26918-95.                    Filed August 19, 1997.

Richard G. Cook, pro se.

<u>David W. Sorensen</u>, for respondent.


MEMORANDUM OPINION


COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1]    Unless otherwise indicated, section references are to
the Internal Revenue Code in effect for the years at issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.  The petition was filed pursuant to sec. 7463.  At the
commencement of trial, petitioners orally moved that the case be
heard pursuant to sec. 7443A(b)(3).  The Court granted
(continued...)

Respondent determined deficiencies in Federal income taxes of $1,061 and $408 and accuracy-related penalties of $212 and $82 under section 6662(a), respectively, for petitioners' 1991 and 1992 tax years.

The issues for decision are: (1) Whether home office expenses incurred by Richard G. Cook (petitioner) in a trade or business activity are allowable as deductions under section 280A(c)(1), and (2) if such expenses are not allowable, whether petitioners are liable for the accuracy-related penalties under section 6662(a). If the Court holds that the expenses at issue are not deductible pursuant to section 280A(c)(1), the Court must then consider petitioner's contention that the disallowance of the subject expenses as deductions constitutes invidious discrimination and a violation of due process under the U.S. Constitution.

Some of the facts were stipulated. Those facts, with the exhibits attached thereto, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was Salt Lake City, Utah.

Petitioner is an attorney at law and, during the years at issue, was engaged in the practice of law at Salt Lake City, Utah. For the year 1991 and for the first 5 months of 1992,

---

[1](...continued)
petitioners' motion. Respondent thereafter filed an answer of general denial.

petitioner's law practice was conducted out of petitioners' personal residence at Salt Lake City, Utah. For the remaining 7 months of 1992, petitioner conducted his law practice at a downtown Salt Lake City office.

The expenses at issue involve the home office expenses incurred by petitioner for the periods noted in 1991 and 1992, which petitioners deducted as trade or business expenses on their 1991 and 1992 Federal income tax returns. Respondent has not questioned the substantiation of these expenses. Respondent, however, has questioned the percentage amount petitioners claim constituted the portion of their home that was used for petitioner's law practice.

Petitioners' home consisted of an upstairs and a downstairs, totaling 3,200 square feet. During 1991, petitioners and four children lived in the home. During 1992, petitioners and three children lived in the home. Petitioners contend that 75 percent of the total floor space of their home was used for the law practice; however, this space was used only two-thirds of the time for the law practice. For the remainder of the time, when the space was not used for law practice, the space was available and was in fact used by petitioners and their children as their residence for personal purposes. On their income tax returns, consistent with the recited percentages, petitioners claimed 50 percent of their home expenses as deductible home office expenses

(2/3 X 3/4 = 1/2). Although respondent did not seriously dispute that 75 percent of the home's floor space was used at some time for the law practice, respondent questioned petitioners' contention that this floor space was used two-thirds of the time for the law practice.

As noted, the facts necessary to decide this case are not in dispute--the principal place of business for petitioner's law practice was petitioners' personal residence, and it was the place used by petitioner's clients in meeting or dealing with petitioner in the normal course of petitioner's trade or business as a lawyer. Petitioner's law practice, therefore, was carried on or conducted exclusively at his home. Petitioner was not an employee, nor was his law practice conducted in a separate structure from petitioners' home. A very crucial fact of this case, however, is that the portions of petitioners' home used for the law practice were not used exclusively for the law practice; i.e., after business hours, and presumably on weekends and holidays, the portions of the home used for the law practice were also used by petitioners for their personal purposes.[2]

Generally, under section 280A(a) no deduction otherwise allowable shall be allowed with respect to the use of a dwelling

---

[2] As an example, the living room where petitioner's clients were interviewed, or the kitchen table used for conferences, was also used by the family as their residence during off-business hours.

unit that is used by a taxpayer as a residence during the taxable year, except, under section 280A(b) for interest, taxes, and casualty losses, which would otherwise be allowable.  Section 280A(c)(1) provides certain limited and specific exceptions to this general rule, which are, in pertinent part, as follows:

> SEC. 280A(c).  Exceptions for Certain Business or Rental Use; Limitation on Deductions for Such Use.--
>
> (1) Certain business use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis--
>
> > (A) [as] the principal place of business for any trade or business of the taxpayer,
> >
> > (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or
> >
> > (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business.
>
> In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer.

Therefore, for a deduction to be allowed under section 280A(c)(1), the taxpayer must establish that a portion of the dwelling unit is (1) exclusively used, (2) on a regular basis, (3) for the purposes enumerated in subparagraphs (A), (B), or (C) of section 280A(c)(1), and (4) if the taxpayer is an employee, the office is maintained for the convenience of the employer.

See Hamacher v. Commissioner, 94 T.C. 348, 353-354 (1990). On the facts of this case, the sole question is whether petitioner's home was used exclusively for his trade or business. It was not so used. Even though petitioner's trade or business was exclusively conducted in his home, the portion of his home in which he conducted his trade or business was not used exclusively for that purpose. That factual circumstance precludes petitioners' entitlement to a deduction of the home office expenses at issue. This Court has previously passed upon this same question. In Gomez v. Commissioner, T.C. Memo. 1980-565, this Court stated:

> Exclusive use of a portion of a taxpayer's dwelling unit means that the taxpayer must use a specific part of a dwelling unit solely for the purpose of carrying on his trade or business. The use of a portion of a dwelling unit for both personal purposes and for the carrying on of a trade or business does not meet the exclusive use test. Thus, for example, a taxpayer who uses a den in his dwelling unit to write legal briefs, prepare tax returns, or engage in similar activities as well for personal purposes, will be denied a deduction for the expenses paid or incurred in connection with the use of the residence which are allocable to these activities. [Emphasis added.]

> S. Rept. No. 94-938 (1976), 1976-3 C.B. (Vol. 3) 49, 186; H. Rept. No. 94-658 (1975), 1976-3 (Vol. 2) 695, 853; Joint Committee Explanation, 1976-3 C.B. (Vol. 2) 1, 152.

Since petitioners' home (or the portion thereof used for the law practice) was not used exclusively for petitioner's trade or business, it follows that the home office expenses claimed for

that home office are not deductible under section 280A(c)(1). Respondent is sustained on this issue.

Petitioners next contend that such an interpretation of section 280A(c)(1) is unconstitutional. Petitioner argues that it is irrational not to allow the matching of costs against revenues as it not only deviates from generally accepted accounting principles but it also requires taxpayers to pay taxes on gross income with no benefit of the deduction for the expenses incurred to produce that income. Such a result, petitioners contend, violates due process principles.

To the extent that petitioners' claim is based on the Fourteenth Amendment of the U.S. Constitution, this Court has held that the Fourteenth Amendment does not apply to Federal tax statutes. Labay v. Commissioner, 55 T.C. 6, 14 (1970), affd. per curiam 450 F.2d 280 (1971). Thus, the Equal Protection and Due Process Clauses of the Fourteenth Amendment do not operate as a limitation on the taxing power of the Federal government. Hamilton v. Commissioner, 68 T.C. 603, 606 (1977).

In general, a Federal tax law is not violative of the Due Process Clause of the Fifth Amendment of the U.S. Constitution unless the statute classifies taxpayers in a manner that is arbitrary and capricious. Hamilton v. Commissioner, supra at 606; Shaffer v. Commissioner, T.C. Memo. 1994-618. Here, petitioners have not shown that section 280A(c)(1) classifies

taxpayer in a manner that is arbitrary and capricious. In Hamacher v. Commissioner, supra at 354, the Court recited the background for the enactment of section 280A's restriction upon deduction of home office expenses and pointed out that one of the reasons for the enactment of section 280A was a response by Congress to numerous cases, particularly those decided by this Court, which used a liberal standard to allow deduction of home office expenses that were "appropriate and helpful" to the taxpayer's business under the circumstances. Congress was concerned that, under such a standard, personal, living, and family expenses attributable to the home that are not otherwise deductible were being allowed as deductions. The purpose of section 280A was to restrict what Congress considered too liberal a standard in this area of tax law. The restrictive provisions of section 280A, therefore, apply to all taxpayers. The Court, therefore, rejects petitioners' contention that section 280A(c)(1) violates the Due Process Clause of the Fifth Amendment.

Respondent determined that petitioners were liable for penalties under section 6662(a) for negligence or disregard of rules or regulations under section 6662(b)(1).

Section 6662(a) provides that, if it is applicable to any portion of an underpayment in taxes, there shall be added to the tax an amount equal to 20 percent of the portion of the

underpayment to which section 6662 applies.  Under section 6664(c), no penalty shall be imposed under section 6662(a) with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion, and that the taxpayer acted in good faith with respect to such portion.

Section 6662(b)(1) provides that section 6662 shall apply to any underpayment attributable to negligence or disregard of rules or regulations.  Section 6662(c) provides that the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard of rules or regulations.  Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.  Neely v. Commissioner, 85 T.C. 934, 947 (1985).  It is well established that the taxpayer bears the burden of proof on this issue.  Bixby v. Commissioner, 58 T.C. 757, 791 (1972).

Petitioners have not met their burden of proof on this issue.  Section 280A(c)(1) explicitly provides that the deduction for home office expenses applies only to a portion of a home used exclusively for a trade or business.  Such expenses are not allowed if the portion of the home is used for any nonqualifying purpose.  Several cases have interpreted section 280A(c)(1) in this manner and have elaborated on differing factual situations

that, in some instances, met the standards of section 280A and, in other cases, did not satisfy those standards.  Petitioners did not show any reasonable cause as to how and why their factual situation was such that their expenses should be allowed.  The Court, therefore, sustains respondent on this issue.

<u>Decision will be entered</u>

<u>for respondent.</u>