T.C. Memo. 2001-134

UNITED STATES TAX COURT

ROSS GABLE CANSINO AND MARY ANN CANSINO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5085-00.                    Filed June 8, 2001.

Ross Gable Cansino and Mary Ann Cansino, pro sese.

<u>Gerald L. Brantley</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioners' Federal income tax for the taxable
year 1996 in the amount of $1,530.

The issue for decision is whether, by virtue of section 151(e),[1] petitioners' failure to provide Social Security numbers for their children on their income tax return precludes the allowance of deductions for dependency exemptions for the children. We hold that petitioners' failure precludes the allowance of the deductions.

Background

This case was submitted fully stipulated under Rule 122, and the facts stipulated are so found. Petitioners resided in George West, Texas, at the time that their petition was filed with the Court.

Petitioners are U.S. citizens who are husband and wife. They were married in San Antonio, Texas, in October 1989, and remained married throughout 1996, the taxable year in issue.

Petitioners are the parents of four children: Katheryn A. Cansino, born in October 1990; Elizabeth M. Cansino, born in April 1993; Jesse R. Cansino, born in July 1994; and Mary V. Cansino, born in August 1995. All four children were born in Houston, Texas, and are citizens of the United States.

Petitioner Ross Gable Cansino and petitioner Mary Ann Cansino each have Social Security numbers. However, petitioners

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1996, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

have not applied for Social Security numbers on behalf of any of their children, nor has any of their children received a Social Security number.

In August 1997, petitioners timely filed an income tax return, Form 1040, for 1996. On their return, petitioners claimed deductions for dependency exemptions for their four children. Under the column for "Dependent's social security number", petitioners wrote "none" opposite each of the four children's names.

No taxpayer, other than petitioners, claimed deductions for dependency exemptions for any of petitioners' children for 1996.

In February 2000, respondent issued a notice of deficiency to petitioners determining a deficiency in their income tax for 1996. The notice includes the following explanation for respondent's action:

> We are unable to allow the exemptions claimed for your three daughters and son for 1996. In order to claim an exemption for each of them, you must provide us with their social security numbers. If the children are unable to secure social security numbers and you wish to claim an exemption for them, then you must secure an individual taxpayer identification number.

Respondent concedes that for 1996, petitioners are entitled to deductions for dependency exemptions for their children but for petitioners' failure to include their children's Social Security numbers on petitioners' return.

Petitioners contend that their failure to include their children's Social Security numbers on their return is based on a sincerely held religious belief that Social Security numbers are universal numerical identifiers to be equated with the "mark of the Beast" warned against in the Bible.  Petitioners also contend that the requirement obligating a taxpayer to include a child's Social Security number on the taxpayer's return is contrary to the Equal Protection and Due Process Clauses of the 14th Amendment to the Constitution, as well as the Due Process Clause of the 5th Amendment.

Discussion

As a preliminary matter, we note that deductions are strictly a matter of legislative grace, and a taxpayer must satisfy the specific requirements for any deduction claimed.  See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

A taxpayer is entitled to a deduction for an exemption for each child who qualifies as the taxpayer's dependent under sections 151 and 152.  See secs. 151(a), (c), 152.  However, section 151(e) limits this allowance by providing that "No exemption shall be allowed under this section with respect to any individual unless the TIN of such individual is included on the return claiming the exemption."[2]

---

[2] Sec. 151(e) was added to the Code by the Small Business Job Protection Act of 1996 (SBJPA), Pub. L. 104-188, sec.

(continued...)

Section 7701(a)(41) defines the term "TIN" for purposes of the Internal Revenue Code to mean "the identifying number assigned to a person under section 6109." Section 6109(d) provides that the Social Security account number (SSN)[3] issued to an individual is the identifying number of the individual, except as otherwise specified under the applicable regulations.

The regulations provide that an individual required to furnish a TIN must use the SSN unless the individual is not eligible to obtain an SSN. See sec. 301.6109-1(a)(1)(ii)(A) and (B), Proced. & Admin. Regs. Petitioners do not contend that

---

[2](...continued)
1615(a)(1), 110 Stat. 1755, 1853. Thus, sec. 151(e) is generally effective for returns due on or after Sept. 19, 1996. See SBJPA sec. 1615(d)(1), 110 Stat. 1853. However, in the case of returns for taxable years beginning in 1996, a special rule governs the effective date for sec. 151(e). In such case, "a taxpayer shall not be required * * * to provide a taxpayer identification number for a child who is born after * * * November 30, 1996, in the case of a taxable year beginning in 1996." SBJPA sec. 1615(d)(2), 110 Stat. 1853-1854. Accordingly, sec. 151(e) is applicable in the present case because petitioners' four children were all born before Dec. 1, 1996, and petitioners' 1996 return was due after Sept. 19, 1996. See sec. 6072(a).

[3] SSN's are issued by the Social Security Administration (SSA) of the U.S. Department of Health and Human Services upon application by a citizen, a qualified alien, or by a parent on behalf of a qualified child. See generally 20 C.F.R. secs. 422.101 through 422.112 (2000). The issuance of a SSN results in the creation of (1) a record at the SSA of that person's earnings for purposes of determining the old-age, survivors, and disability insurance and other benefits to which that the person may be entitled, and (2) a unique numerical identifier for the individual for use by a variety of governmental and private entities. See Miller v. Commissioner, 114 T.C. 511, 513-514 (2000).

their children are not eligible to obtain an SSN. Indeed, as U.S. citizens, petitioners' children are eligible to obtain SSN's. See 20 C.F.R. secs. 422.104(a)(1), 422.107 (2001). The applicable regulations further provide that "Any individual who is duly assigned a social security number or who is entitled to a social security number will not be issued an IRS individual taxpayer identification number." Sec. 301.6109-1(d)(4), Proced. & Admin. Regs.[4]

In view of the foregoing, it is apparent that section 151(e) is applicable to the facts of this case and, if not unconstitutional, serves to bar allowance of deductions for dependency exemptions for petitioners' children. Accordingly, we turn now to petitioners' constitutionally based contentions. We begin with the contention that compliance with section 151(e) would contravene a sincerely held religious belief.

This Court has previously upheld section 151(e) against challenge that it violates the Free Exercise Clause of the 1st Amendment to the Constitution and the Religious Freedom Restoration Act of 1993 (RFRA), Pub. L. 103-141, 107 Stat. 1488.

---

[4] Sec. 301.6109-1(d)(4), Proced. & Admin. Regs., is effective for any return required to be filed after Dec. 31, 1995. See T.D. 8671, 1996-1 C.B. 314. Prior to the promulgation of the regulation, the Commissioner issued individual taxpayer identification numbers to taxpayers who objected to the use of SSN's on religious grounds. See Davis v. Commissioner, T.C. Memo. 2000-210 n.2; Wolfrum v. Commissioner, T.C. Memo. 1991-370, affd. without published opinion 972 F.2d 350 (6th Cir. 1992).

See Miller v. Commissioner, 114 T.C. 511 (2000); see also Kocher v. Commissioner, T.C. Memo. 2000-238; Davis v. Commissioner, T.C. Memo. 2000-210 (involving both RFRA and the Privacy Act of 1974, 5 U.S.C. sec. 552a (1994)). Petitioners have given us no persuasive reason to revisit any of those cases. Accordingly, we hold that petitioners' religious belief does not negate the requirement of section 151(e) that a taxpayer include on the taxpayer's return the SSN of any child whom the taxpayer claims as a dependent.

We turn now to petitioners' contention that section 151(e) violates the Equal Protection and Due Process Clauses of the 14th Amendment to the Constitution, as well as the Due Process Clause of the 5th Amendment.

Petitioners assert that the requirement to provide SSN's for their children violates equal protection principles because it is over-inclusive. Petitioners argue that the SSN requirement "should have been tailored so as to apply only to those individual parents who are both likely to take the deductions for their children not to all parents." Petitioners seek to have the SSN requirement imposed for a distinct class of individuals, namely: (1) Those involved in divorce proceedings; (2) paternity suits; or (3) other domestic relations proceedings. We disagree.

Initially, we note that this Court has held that the 14th Amendment does not apply to Federal tax statutes. See Labay v.

Commissioner, 55 T.C. 6, 14 (1970), affd. per curiam 450 F.2d 280 (1971). Thus, the Equal Protection and Due Process Clauses of the 14th Amendment do not operate as a limitation on the taxing power of the Federal Government. See Hamilton v. Commissioner, 68 T.C. 603, 606 (1977).

In contrast, the Due Process Clause of the 5th Amendment constitutes a limitation on the taxing power of the Federal Government. The Due Process Clause provides protection against Federal discriminatory action "so unjustifiable as to be violative of due process". Shapiro v. Thompson, 394 U.S. 618, 642 (1969); Bolling v. Sharpe, 347 U.S. 497, 499 (1954); Ward v. Commissioner, 608 F.2d 599 (5th Cir. 1979), affg. per curiam T.C. Memo. 1979-39. Further, the Due Process Clause of the 5th Amendment has been held to incorporate guaranties analogous to those of the Equal Protection Clause of the 14th Amendment. See Regan v. Taxation With Representation, 461 U.S. 540, 542 n.2 (1983); Weinberger v. Wiesenfeld, 420 U.S. 636, 638 n.2 (1975); Johnson v. Robison, 415 U.S. 361, 364-365 n.4 (1974); Bolling v. Sharpe, supra at 499.

In evaluating whether a statutory classification violates equal protection, we generally apply a rational basis standard. See Regan v. Taxation With Representation, supra at 547. We apply a higher standard of review (i.e., strict scrutiny) only if it is found that the statute (1) impermissibly interferes with

the exercise of a fundamental right, such as freedom of speech, or (2) employs a suspect classification, such as race.  See, e.g., id.; Harris v. McRae, 448 U.S. 297, 322 (1980); Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 312 (1976); San Antonio Indep. Sch. Dist. v. Rodriquez, 411 U.S. 1, 16-17 (1973).

Section 151(e) does not interfere with the exercise of a fundamental right or employ a suspect classification.  See Miller v. Commissioner, supra (holding that section 151(e) does not violate the free exercise of religion).  Therefore, we need not apply a higher level of scrutiny, but must decide whether the statutory SSN requirement of section 151(e) bears a rational relation to a legitimate governmental purpose.  See Regan v. Taxation With Representation, supra at 547.  It is especially difficult to demonstrate that no rational basis exists for a classification in a revenue measure for which the presumption that an act of Congress is constitutional is particularly strong.  See Black v. Commissioner, 69 T.C. 505, 507-508 (1977); Nammack v. Commissioner, 56 T.C. 1379, 1385 (1971), affd. per curiam 459 F.2d 1045 (2d Cir. 1972).

It is settled in this Court that the SSN requirement is the least restrictive means of achieving the Government's compelling interests in implementing the Federal tax system in a uniform, mandatory way and in detecting fraudulent claims to dependency

exemptions.  See <u>Miller v. Commissioner</u>, <u>supra</u>; <u>Kocher v. Commissioner</u>, <u>supra</u>; <u>Davis v. Commissioner</u>, <u>supra</u>.  The SSN serves as a mechanism in determining whether an SSN has been claimed on another return for the year and serves as verification of the existence of a claimed dependent.  See <u>Miller v. Commissioner</u>, <u>supra</u> at 516-517.  Petitioners' attempt at limiting the applicability of section 151(e) is, therefore, without merit.

In view of the foregoing, we hold that section 151(e) is not unconstitutional as alleged by petitioners.  We hold further that by virtue of that section, petitioners' failure to provide Social Security numbers for their children on their income tax return precludes the allowance of deductions for dependency exemptions for their children.  See <u>Miller v. Commissioner</u>, <u>supra</u>; <u>Kocher v. Commissioner</u>, <u>supra</u>; <u>Davis v. Commissioner</u>, <u>supra</u>;.

We have considered all of the other arguments made by petitioners, and, to the extent that we have not specifically addressed them, we find them to be without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.